RONNIE D. JUDD AND JORJ L. JUDD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8667–79.     Filed July 8, 1980.

Jorj L. Judd, pro se.
*Scott W. Gray,* for the respondent.

OPINION

HALL, *Judge:* Petitioner Jorj Judd (Jorj) is a cosmetologist. On March 29, 1979, respondent mailed a statutory notice asserting a deficiency in petitioners' 1976 joint tax return of $1,317. Part of the deficiency related to $2,300 in unreported tips allegedly received by Jorj during the course of her 1976 employment. None of the $1,317 deficiency was attributable to the Federal Insurance Contributions Act (FICA) tax owing on the alleged unreported tip income.[1] Respondent separately calculated the FICA tax resulting from the underreported tip income using Form 885–T (Adjustment of Employment Tax on Unreported Tip Income). Also reflect on that form was the 50-percent penalty assessable under section 6652(c)[2] for failure to report

---

[1] Jorj had previously reported tip income of $480 for purposes of the FICA tax; however, she did not include the $480 or any other amount of tip income on the 1976 joint income tax return. Respondent determined her correct tip income for 1976 was $2,300.

[2] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

Sec. 6652(c) states in pertinent part:

tips. Respondent mailed Form 885–T to petitioners at the same time as the statutory notice.

On April 23, 1979, respondent mailed a "Statement of Adjustment" to petitioners indicating that they owed $173.49 for the FICA tax, the section 6652(c) penalty and the interest thereon relating to the tip income allegedly underreported in 1976. The amount of the tax and penalty corresponded to the amounts previously shown on Form 885–T. On May 28, 1979, respondent notified petitioners that their 1978 overpayment of income taxes was being applied against the $173.49 employment taxes thereby reducing their income tax refund for 1978.

On June 25, 1979, petitioners filed a petition with the Court in which they disputed each of respondent's adjustments giving rise to the $1,317 alleged income tax deficiency.[3] As part of their petition, petitioners also claimed respondent erred in (1) using the "exorbitant amount of $2,300.00 of tip income" in computing the penalty assessed under section 6652(c), and (2) deducting the penalty from their 1978 income tax refund claim prior to the lapse of the 90-day restriction on assessments. See sec. 6213(a). On January 16, 1980, respondent filed a "Motion to Dismiss for Lack of Jurisdiction and to Strike as to I.R.C. § 6652(c)." In his motion, respondent claimed that petitioners, by virtue of their petition, attempted to bring the penalty imposed under section 6652(c) within the jurisdiction of the Court. Respondent argued that this attempt should be rejected because the penalty in question has its roots in subtitle C of the Internal Revenue Code (Employment Taxes), a subtitle which falls outside the Court's jurisdiction.

Petitioners failed to file a timely objection to respondent's motion, and on February 22, 1980, an order granting the motion was entered.[4] Subsequently, on March 21, 1980, petitioners filed

---

(c) FAILURE TO REPORT TIPS.—In the case of failure by an employee to report to his employer on the date and in the manner prescribed therefor any amount of tips required to be so reported by section 6053(a) which are wages (as defined in section 3121(a)) or which are compensation (as defined in section 3231(e)), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be paid by the employee, in addition to the tax imposed by section 3101 or section 3201 (as the case may be) with respect to the amount of tips which he so failed to report, an amount equal to 50 percent of such tips.

[3] At the time they filed their petition, petitioners were residents of Mesa, Ariz.

[4] The effect of granting respondent's motion was to delete the reference to sec. 6652(c) in petitioners' petition thereby leaving the underlying income tax deficiency issues still before the Court.

a "Motion to Vacate Order of Dismissal." On April 22, 1980, petitioners presented their argument at a hearing held in Phoenix, Ariz.

The main thrust of petitioners' argument is best conveyed by a question they posed to the Court: "How can there be a IRC 6652(c) penalty without a Court trial to determine if in fact there is a deficiency on which to base a penalty?" According to petitioners, the amount of the FICA tax and the amount of the section 6652(c) penalty are contingent on the Court's determination of Jorj's 1976 tip income. Petitioners reason that because the latter determination, i.e., the amount of tips, is squarely within the Court's jurisdiction, the related determinations should also be within our jurisdiction. Regardless of the logic of petitioners' position, we are constrained to deny their motion to vacate.

The United States Tax Court has limited jurisdiction. See sec. 7442. Under this jurisdictional umbrella fall generally income, estate, gift, and miscellaneous excise taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a).[5] Here we are dealing with a penalty imposed by section 6652(c) with respect to taxes imposed by subtitle C—Employment Taxes. There is no requirement that a notice of deficiency be issued before the assessment of the employment taxes imposed by subtitle C, see sec. 6212(a), and we have no jurisdiction to consider an assessed penalty relating to such taxes. See *Shaw v. United States*, 331 F.2d 493, 494–495 (9th Cir. 1964) (involving sec. 6672); *Wilt v. Commissioner*, 60 T.C. 977, 978 (1973)(same).

To reflect the foregoing,

*An appropriate order will be entered.*

---

[5]See Rule 13, Tax Court Rules of Practice and Procedure.