WILLIAM A. ROBERTSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robertson v. Commissioner
Docket No. 17467-79
United States Tax Court
T.C. Memo 1983-32; 1983 Tax Ct. Memo LEXIS 761; 45 T.C.M. (CCH) 537; T.C.M. (RIA) 83032; January 17, 1983. William A. Robertson, pro se. Joseph F. Long, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, judge:* Certain of the facts in this case have been stipulated, and the stipulation and the exhibits attached thereto are incorporated herein by reference. At the time he filed his petition in this case, petitioner resided in Greenwich, Connecticut. He filed his income tax return for the taxable year 1977 with the Internal Revenue Service Center, Andover, Massachusetts. In a notice of deficiency dated October 2, 1979, respondent determined that there was a deficiency in self-employment tax *763 due from petitioner for the taxable year 1977 in the amount of $246.22. Respondent has also billed petitioner for an addition to tax previously assessed on July 31, 1978, in the amount of $17.88 (plus interest, which amounted to $1.40 through November 19, 1979), and determined by the tax shown on the return, for underpayment of estimated tax for the year ended December 31, 1977, although the addition to tax was not included in the subsequently issued notice of deficiency. On petitioner's Schedule C to Form 1040 for 1977, he reported self-employment income of $3,116.70 from investment counseling. He does not dispute the amount of tax computed by respondent on that income, but petitioner claims that he is exempt from self-employment tax under section 1402(g) [formerly section 1402(h)] [1] on moral, religious, and economic grounds, by reason of his filing of a claim of exemption, Form 4029, in 1966 and respondent's acquiescence in that exemption as demonstrated by the circumstances further described below. Petitioner also seeks relief from the addition to tax for underpayment of estimated tax and compensation for his expenses. Respondent contends that there is no record of petitioner's *764 claim for exemption or the approval of such exemption and that the Court lacks jurisdiction with respect to the addition to tax or to award compensation. Beginning on or before April 15, 1958, petitioner engaged in a course of communications with the Internal Revenue Service on the subject of petitioner's opposition to self-employment tax and the Social Security system. [2] On June 9, 1966, petitioner sent to the Internal Revenue Service an application for exemption from self-employment tax on Form 4029 [3] or the then equivalent of that form, accompanied by the following letter: *765 Mr. David I. Kennedy, Internal Revenue Service, 777 Summer Street, Stamford, Conn. Dear Mr. Kennedy: In accordance with our talk the other day, I enclose my application for exemption from Social Security. I have added a few words to the opening sentence to tie it in specifically to the matter in hand. Also, I have crossed out the last part of the next paragraph since I am not applying for a refund. There should be no question that I qualify for exemption and I trust the District Director will approve. Very truly yours, Petitioner did not retain a copy of his application, and respondent, as of the time of trial of this proceeding, cannot locate the document. Since prior to 1966, petitioner has not paid any self-employment taxes. On February 26, 1974, petitioner received from the Internal Revenue Service a letter dated February 25, 1974. That letter claimed additional self-employment tax due from petitioner for the year 1971 in the sum of $131.68. On the same date as his receipt, petitioner returned a copy of the said February 25 letter along with a letter in which petitioner stated that he was exempt from Social Security tax and that "in 1966 I filed form 4029 *766 and since then I have not been billed for this until now." In addition, petitioner's letter stated: Late last year I signed a statement in connection with medical coverage which said in part: "I belong to the Round Hill Community Church, Greenwich, Ct… As far as I know, it has no set policy on insurance plans for members and has no program for caring for members who are in need." I have since found out that this last part is not correct. The Round Hill Community Church is affiliated with the Methodist Church and members of our church may get medical help at the Methodist Hospital, Brooklyn, and may live in their old age at Shelton Home, Shelton, Ct.
In view of the above and my record for over twenty years, I trust you will agree that I am exempt from the enclosed tax bill. On or about November 22, 1976, petitioner received from the Internal Revenue Service a form Report of Individual Income Tax Audit Changes dated November 15, 1976, with respect to the year 1975. The form showed additional self-employment tax due of $150.37. By letter dated November 22, 1976, petitioner wrote to the Internal Revenue Service in response to receipt of the form dated November 15. Petitioner's *767 letter of November 22 stated "I am exempt from Self-Employment Tax having filed form 4029 in 1966." On December 14, 1976, petitioner received from the Internal Revenue Service a letter dated December 10, 1976. That letter stated: We are pleased to tell you that our examination of your tax returns for the above periods shows no change is required in the tax reported. Your returns are accepted as filed. Thank you for your cooperation. By letter dated May 14, 1979, respondent proposed an adjustment to petitioner's Social Security taxes for the year 1977 in the amount of $246.22. The adjustment was explained by the statement "We have no record of Form 4029. Please forward an approved copy." By letter dated May 30, 1979, petitioner responded to the notice of May 14, again asserting his opposition to Social Security and referring to the earlier filing of Form 4029. Respondent's notice of deficiency followed on October 2, 1979. By notice dated November 19, 1979, petitioner was billed for the then balance of $19.28 with respect to the addition to tax for underpayment of estimated tax for 1977 which had been assessed on July 31, 1978, and was determined by the tax shown on the *768 return. The petition filed herein December 26, 1979, also alleges that the amount of $19.28 is in dispute. Petitioner never received any notice specifically stating that his application for exemption was approved or disapproved. Petitioner's position is that the acceptance of his statement that he was exempt with respect to the years 1971 and 1975, after the issue was raised by the Internal Revenue Service, established that the form application was on file at the time and, by implication, was approved. Respondent has not presented any evidence or authority with respect to the normal method of action on applications for exemptions filed in 1966. We can understand petitioner's frustration. We believe that he filed an application for exemption in 1966, although we have no way of knowing whether or not the application was in proper form. We believe that he has consistently and sincerely opposed the Social Security system, and that this same state of mind existed during the year 1977 as in 1966, 1971, and 1975. In this regard, we are cognizant of certain evidentiary presumptions. Those presumptions are described in McFarland v. Gregory,425 F.2d 443, 447 (2d Cir. 1970), *769 as follows: The continuity presumption [if a situation exists at one point in time, it is to be presumed that it exists thereafter] and the presumption of backward relation [if a situation exists at one point in time, it is to be presumed that it existed before that time] appear to be reasonable grounds on which to draw inferences where (1) a situation or the circumstances surrounding it do not go through an apparent material change and (2) the lapse of time is not great enough to suggest that unknown circumstances or causes, in the normal course of events, will have changed the situation. On the basis of those presumptions, if petitioner had presented evidence that he was qualified for an exemption as of the time he filed his application, we might be able to find that he was exempt from self-employment taxes in 1977 even though his form of application could not be located. However, there is no evidence in the record on which we can base a finding that he meets the narrow statutory grounds for exemption. In fact, the little evidence there is on the subject, consisting of petitioner's February 26, 1974, letter quoted above and his statement that "I'm not sure that I would *770 qualify for an exemption under the present form," suggests that his religious affiliation does not meet the test set forth in the statute. Section 1402(g) has at all times since prior to 1966 required that, to be exempt from self-employment tax, the taxpayer be a member of a recognized religious sect or division and be an adherent of established tenets or teachings by reason of which he is conscientiously opposed to acceptance of the benefits of programs such as Social Security. The exemption may be granted onlyif the Secretary of Health, Education, and Welfare [as of 1977] finds that the sect or division has the established tenets or teachings required. The narrowness of this exemption has been upheld. Henson v. Commissioner,66 T.C. 835, 838 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). Petitioner has not here contended that the tax is unconstitutional, apparently recognizing the futility of such a claim. In view of the apparent failure of petitioner to qualify for an exemption, erroneous acquiescence by agents of respondent in accepting his claim of exemption in earlier years does not prevent correction of the error as *771 to 1977. The governing statute strictly limits the circumstances under which the exemption is available, and respondent's agents had neither authority nor power to grant an exemption not complying with the statute. In Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957), the Supreme Court established the principle that equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law. In that case, in 1954, the Commissioner revoked 1934 and 1938 rulings exempting the taxpayer from Federal income taxes (and retroactively applied the revocation to 1943 and 1944). It is unfortunate here that petitioner may have relied on the appearance that his exemption had been granted. As a result, over a long period of time he did not make payment of Social Security taxes. The net result of the series of events is apparently that he did not pay taxes which in fact were owing. We are similarly unable to afford petitioner any relief with respect to the addition to tax for underpayment of estimated tax under section 6654(a). The Tax Court is a court of limited jurisdiction, and, because the addition to tax was previously assessed and thus *772 not included in the notice of deficiency, we do not have jurisdiction over it. See section 7442; Rule 13(a), Tax Court Rules of Practice and Procedure; Judd v. Commissioner,74 T.C. 651, 653 (1980). The addition here in question is based on the tax shown on the return and is not affected by the self-employment tax issue presented in this proceeding. No deficiency notice was required with respect to the addition to tax under section 6654(a). See section 6662(b) [formerly section 6660(b)]; section 301.6659-1, Income Tax Regs. Compare section 6214(a), as to additional "claims" made by respondent in a Tax Court proceeding. If we did have jurisdiction on this issue, however, we could not afford relief on the grounds urged by petitioner.[4] Once a tax is determined the addition for underpayment of estimated tax under section 6654(a) is mandatory and, absent a showing that the taxpayer meets the conditions of certain exceptions not here applicable, the addition to the tax cannot be avoided. Extenuating circumstances are irrelevant. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). *773 There is no legal or factual basis for awarding any compensation to petitioner. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Sheldon V. Ekman, deceased, to Judge Mary Ann Cohen↩ for disposition.
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Respondent has objected to 32 of the exhibits to the stipulation on the grounds of relevancy. Said exhibits include the correspondence between petitioner and the Internal Revenue Service. The objection is overruled because the exhibits show the consistency of petitioner's position and are therefore relevant to the continuity presumption discussed below. ↩
3. Form 4029 is the application prescribed in sec. 1.1402(h)-1, Income Tax Regs., interpreting sec. 1402(g) [formerly section 1402(h)]. Respondent relies on this regulation, as establishing that affirmative approval of the application was required; but the regulation was not proposed until December 4, 1968, nor adopted until January 18, 1969, T.D. 6993, 1969-1 C.B. 208↩, 212-213.
4. The underpayment of estimated taxes apparently occurred as a result of the decision of petitioner and his wife to file separate, rather than joint, returns and consequent increase in their total combined income tax liability.↩