DENNIS TROLINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trolinger v. Commissioner
Docket No. 32859-87.
United States Tax Court
T.C. Memo 1988-333; 1988 Tax Ct. Memo LEXIS 361; 55 T.C.M. (CCH) 1387; T.C.M. (RIA) 88333; July 27, 1988
Dennis Trolinger, pro se. Steve Blanc, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: By notice of deficiency dated July 6, 1987, respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Year
Deficiency
1984
$ 4,482.00
1985
4,522.00
Additions to Tax
Year
[1]Sec. 6651(a)(1) Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1984
$ 1,120.50
$ 224.10
*
$ 281.00
1985
1,130.50
226.10
*
261.00
Shortly before trial, respondent conceded that the statutory notice was erroneous because it failed to recognize community property principles. *364 Accordingly, respondent divided petitioner's income equally between petitioner and his spouse for the years in issue and, based on this recomputation, respondent asserted that petitioner was liable for the following deficiencies and additions to tax: Year
Deficiency
1984
$ 1,298.00
1985
1,302.00
Additions to Tax
Year
n1Sec. 6651(a)(1) Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1984
$ 324.50
$ 64.90
*
$ 83.07
1985
325.50
65.10
*
67.70
In addition, respondent seeks the award of damages pursuant to section 6673. The parties have filed a stipulation of facts, which together with the accompanying exhibits, it incorporated herein by reference. For convenience, our findings of fact and opinion are combined. At the time the petition in this case was filed, Dennis Trolinger (petitioner) resided in San Diego, California. During the years in issue petitioner was married to Kaliopi Trolinger, who was not employed outside the home and who did not receive income subject to income tax or social security withholding. Petitioner, an electrician by trade, was employed *365 during the years in issue, through and subject to the hiring hall rules of I.B.E.W. Local 569 of San Diego. During taxable year 1984, petitioner was employed by multi-employers, while during taxable year 1985 he was employed by Steiny and Company, Inc. Petitioner's employers filed Form W-2, Wage and Tax Statements (Forms W-2), for taxable years 1984 and 1985, showing that petitioner received wages in the amount of $ 18,279.35 and $ 19,015.68, respectively. No Federal income tax was withheld. Total F.I.C.A. taxes withheld and paid by petitioner for the taxable years 1984 and 1985, as shown on the Forms W-2 were stated in the amounts of $ 1,224.71 and $ 1,340.61, respectively. Petitioner received unemployment compensation from the State of California in the amount of $ 4,408 during 1984 and in the amounts of $ 4,150 during 1985. The total State Disability Insurance withheld and paid by petitioner for the taxable years 1984 and 1985, as shown on petitioner's Forms W-2 were stated in the amounts of $ 162.13 and $ 114.08, respectively. Petitioner did not file income tax returns for 1984 or 1985, nor did he pay any income tax on the income he earned in those years. Respondent determined *366 the deficiencies in issue in part from the information contained on petitioner's Form W-2 statements. Respondent allowed petitioner a personal exemption in the amount of $ 1,000 for each of the years in issue. The burden of proof is on petitioner to show that respondent's determinations, as set forth in the notice of deficiency, are incorrect. Welch v. Helvering, 290 U.S. lll (1933); Rule 142(a). We hold that petitioner cannot avoid tax on his 1984 or 1985 income on the basis of any of the arguments he has urged upon the Court. In his petition to this Court and at trial, petitioner challenged the determinations made in the notice of deficiency on the basis of numerous tax protester arguments. His allegations included, but were by no means limited to the following arguments: (1) wages to not constitute income, (2) the Sixteenth Amendment is unconstitutional, (3) the present tax laws violate his rights to a self-assessment of tax liability in contravention of the Constitution, and (4) the asserted tax liability violates "the principle of exemption for the general welfare." It is by now well settled that wages fall squarely within the definition of income. See, e.g., United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980); *367 Abrams v. Commissioner,82 T.C. 403, 407 (1984); Rowlee v. Commissioner, 80 T.C. llll, 1119-1120 (1983), and cases cited therein. Similarly, the Sixteenth Amendment has withstood numerous constitutional attacks and the 1913 income tax laws passed after enactment of the Sixteenth Amendment also have been held constitutional by the Supreme Court. Brushaber v. Union Pac. R.R. Co., 240 U.S. l (1916); United States v. Foster,789 F.2d 457, 462-463 (7th Cir. 1986); Habersham-Bey v. Commissioner,78 T.C. 304 (1982). The remaining points and claims of error made by petitioner relate largely to equally wild and irresponsible charges that are familiar in tax protester cases. Such arguments have been considered and rejected by this Court and various courts of appeal on countless occasions. Notwithstanding their purported appeal to lofty principles, they have been thoroughly discredited as frivolous and do not deserve any further consideration. Petitioner has also asserted that the filing of a Form W-2 by his employer constitutes the filing of a tax return. Taxpayers who receive income from wages and unemployment compensation are *368 required to file a Federal income tax return for the year. A return need not be perfectly accurate or complete if its purports to be a return and if it exhibits a genuine attempt to satisfy the requirements of a return. Reiff v. Commissioner,77 T.C. 1169 (1981). To qualify, a return must contain sufficient data from which respondent can compute and assess a tax liability, it must purport to be a return, there must be an honest and reasonable attempt to satisfy the requirements of the tax law, and it must be executed under penalties of perjury. Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). See also Atlantic Land & Imp. Co. v. United States,790 F.2d 853 (11th Cir. 1986); Reiff v. Commissioner, supra at 1177; Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). The forms W-2 contain none of the information required with respect to petitioner's filing status or exemptions and no tax liability is stated therein; nor were these forms signed by petitioner under penalties of perjury. *369 Despite petitioner's arguments to the contrary, the Forms W-2 do not constitute valid income tax returns. See Reiff v. Commissioner, supra.
Petitioner also contends that he is entitled to a personal exemption for his spouse for the taxable years in issue and further that he is entitled to compute his income tax liability using the joint return rates under section 1(a). Section 151(b) allows a taxpayer a personal exemption for one's spouse "if a joint return is not made by the taxpayer and his spouse, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer." In this case, because of community property principles, one-half of the unreported wage income and unemployment compensation received by petitioner is includable in his wife's gross income for each of the taxable years in issue. Therefore, because petitioner's wife did have gross income in 1984 and 1985, petitioner is not entitled to claim his wife as a personal exemption. Section 1(a) sets forth the tax rates applicable to "every married individual * * * who makes a single return jointly with his spouse under *370 section 6013." Thus, married individuals must file joint returns in order to elect the tax rates provided in section 1(a). The election of a joint return computation by a method other than the "making of a joint return" as provided in section 6013 was never intended by Congress and will not be permitted here. It is undisputed that petitioner, who was a married individual, for both taxable years in issue, did not file a return, joint or otherwise, for the years in issue. Accordingly, his tax liability will be computed using the "married filing separate" tax rates of section 1(d). Thompson v. Commissioner,78 T.C. 558 (1982). See Phillips v. Commissioner,86 T.C. 433, 441 n.7 (1986). In addition, petitioner claims that the amounts withheld as F.I.C.A. taxes and for State Disability Insurance liability are incorrect. The United States Tax Court is a court of limited jurisdiction. Sec. 7442; Judd v. Commissioner,74 T.C. 651 (1980). The Court has jurisdiction over Federal income, estate, gift, and certain excise taxes imposed by Chapters 41, 42, 43, 44 and 45 of the Internal Revenue Code which are subject to the deficiency notice *371 requirements of sections 6212(a) and 6213(a). Judd v. Commissioner, supra; Rule 13. F.I.C.A. taxes are imposed by subtitle C-Employment Taxes of the Internal Revenue Code and liability for State Disability Insurance is imposed by a State statute. There is no requirement that a notice of deficiency pursuant to section 6212 be issued before the assessment of the employment taxes imposed by subtitle C of the Internal Revenue Code. The Court has no jurisdiction over such taxes. Judd v. Commissioner, supra.Chatterji v. Commissioner,54 T.C. 1402 (1970). Similarly, it is axiomatic that the deficiency procedures of the Federal tax statutes are inapplicable to State Disability Insurance. Accordingly, this Court has no jurisdiction to determine the correct amount of petitioner's F.I.C.A. tax or State Disability Insurance liability. In addition, we hold that petitioner has not met his burden with respect to any of the additions to tax. Sections 6651(a)(1), 6653(a)(1) and 6654 provide for additions to tax for failure to file a timely return, negligence or intentional disregard of rules and regulations, and underpayment of estimated tax, *372 respectively. Section 6653(a)(2) provides for an additional 50 percent of the interest due on the underpayment due to negligence. Petitioner bears the burden of proving that he is not liable for these additions to the tax. Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner failed to file tax returns, failed to pay estimated tax, and failed to pay his tax liability when due. Moreover, petitioner made no showing that would indicate an absence of negligence or disregard of the rules and regulations. Accordingly, petitioner is liable for all tax and additions to tax as determined by respondent, subject to respondent's concession. Finally, respondent seeks damages of $ 5,000 to be awarded to the United States on the grounds that petitioner maintained this proceeding primarily for purposes of delay and that his position is frivolous and groundless. Section 6673 provides that damages may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] that the taxpayer's position in such proceeding is frivolous *373 or groundless * * *." In a recently concluded action, Trolinger v. Commissioner, docket No. 38484-86, we informed petitioner that his arguments which were virtually identical to the ones made here, were frivolous and groundless. (See bench opinion rendered March 7, 1988, under section 7459(b) and Rule 152, wherein we granted respondent's motion for summary judgment.) At that time petitioner was put on notice that if he continued to petition the Court with similar arguments, respondent would move for damages pursuant to section 6673. Prior to trial in this case, petitioner was notified on three separate occasions that respondent would request damages if petitioner continued to assert the same position that had already been rejected by the Court. Respondent provided petitioner with copies of cases in which the Court rejected similar constitutional arguments made by petitioner here as frivolous. He has nevertheless persisted in pressing his meritless contentions upon us, arguments of the type that have been previously characterized as "legal garbage" ( Weller v. Commissioner,T.C. Memo. 1985-387). The long and short of the matter is that petitioner is simply *374 another "tax protestor" whose insistence in pursuing fruitless arguments imposes on the time and effort of respondent and the courts which could otherwise be devoted to disposing of bona fide claims of taxpayers regarding factual and legal issues under the Internal Revenue Code. See Cook v. Spillman,806 F.2d 948 (9th Cir. 1986). Petitioner's course of conduct convinces us that he instituted this proceeding primarily for the purposes of delay. Moreover, his position in this case is frivolous and groundless. Therefore, we ward damages to the United States pursuant to section 6673 in the amount of $ 1,500. [2]
*375 To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. 50% of the intereset due on $ 1,298.00 and $ 1,302.00
*↩ 50% of the interest due on $ 4,482.00 and $ 4,522.00 2. As the Seventh Circuit stated in Coleman v. Commissioner,791 F.2d 68, 69 (7th cir. 1986): Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protestors" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment↩ is unconstitutional, and so on. The beliefs all lead -- so tax protestors think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.