CHARLES G. and MICHAELISA T. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 18142-88
United States Tax Court
T.C. Memo 1989-509; 1989 Tax Ct. Memo LEXIS 512; 58 T.C.M. (CCH) 174; T.C.M. (RIA) 89509; September 20, 1989
Charles G. Johnson and Michaelisa T. Johnson, pro se. Louise R. Forbes, for the respondent. POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: [1] By a notice of deficiency dated June 16, 1988, respondent determined a deficiency for the taxable year 1984 in the amount of $ 1,279 in Federal income taxes. The explanation of adjustments also asserted that petitioners owed $ 583.62 in Federal Insurance Contribution Act (FICA) taxes on unreported tip income and the 50-percent addition assessable under section 6652(c) [now section 6652(b)] for failure to report tip income. Petitioners filed a timely petition under the so-called "small case" procedure provided by section 7463. Initially it appeared that the case involved an issue of first impression, and, with the consent of the parties, the Court removed the case from section 7463 procedure. *514 After a hearing, the following facts were established. The deficiency of $ 1,279 arises from petitioners' failure to report $ 8,710.85 of tip income. Petitioners do not contest the inclusion of this amount in their 1984 gross income. Similarly, while, as explained below, it does not alter the result reached, petitioners do not contest the FICA tax. Petitioners, however, do seek to contest the additional amounts assessable under section 6652(c). Section 6652(c) provides an addition to tax for "failure by an employee to report to his employer * * * any amount of tips * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect * * *." The amount of the additional tax is equal to 50 percent of the tax "imposed by section 3101 * * *." Section 3101 relates to the Employment Taxes and is in Subtitle C of the Internal Revenue Code. This Court has no jurisdiction over Subtitle C disputes. See section 7442; Judd v. Commissioner, 74 T.C. 651, 652 (1980). Accordingly, respondent has moved to dismiss the petition as it relates to the FICA and section 6652(c) adjustments. As we understand, petitioners move to dismiss the entire petition *515 on the ground that the Court lacks jurisdiction over the determined deficiency because the FICA and section 6652(c) adjustments were included in the explanation of adjustments. With respect to respondent's motion, this case is controlled by Judd v. Commissioner, supra. As we held in Judd, this Court does not have jurisdiction over FICA taxes and the additions to tax under section 6652(c). While we lack jurisdiction over employment tax disputes, we do have general jurisdiction over income tax disputes. That jurisdiction is predicated on a valid notice of deficiency and a timely petition. Petitioners' argument is that since the explanation of adjustments contained in the notice of deficiency include the employment tax adjustments, the entire notice is invalid. While we did not specifically address this argument in Judd, the same situation existed in that case, and we did not invalidate the entire notice but only dismissed that portion of the petition relating to the employment taxes. See also Yukimura v. Commissioner, T.C. Memo. 1982-58. Thus, even if a notice of deficiency included adjustments over which we have no jurisdiction, the *516 notice, as it pertains to adjustments over which we do have jurisdiction, would be valid. Since petitioners agree that if the notice is valid, they owe the $ 1,279 deficiency in the income tax, An appropriate order and decision will be entered. Footnotes
1. This case was assigned pursuant to the provisions of section 7443A of the Internal Revenue Code of 1986↩. Subsequent statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue.