ESTATE OF ANTHONY G. RUSSO, DECEASED, GENNARO A. RUSSO AND MICHAEL J. RUSSO, EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Russo v. Commissioner
Docket No. 681-89
United States Tax Court
T.C. Memo 1991-310; 1991 Tax Ct. Memo LEXIS 362; 62 T.C.M. (CCH) 87; T.C.M. (RIA) 91310; July 8, 1991, Filed *362 Decision will be entered for the respondent. The estate tax return was filed more than nine months after the date of decedent's death. The co-executors relied on their accountant to file the return. In the notice of deficiency, respondent determined that petitioner was liable for an addition to tax for failure to file under section 6651(a)(1). After the petition was filed, respondent assessed an addition to tax for failure to pay under section 6651(a)(3) in the amount of $ 10,011.45. Held: Petitioner is liable for the addition to tax pursuant to section 6651(a)(1). Held further: The Tax Court lacks jurisdiction to redetermine the amount assessed under section 6651(a)(3). Held further: Respondent is not estopped from issuing a notice of deficiency after petitioner executed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment. Gennaro A. Russo and Michael J. Russo (Executors), for the petitioner. Carmino J. Santaniello, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION By statutory notice of deficiency, respondent determined an addition to petitioner's Federal estate tax *363 as follows: Addition to Tax
Date of Death
Section 6651(a)(1) [1]
July 14, 1982
$ 17,653
The issues for decision are: (1) Whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1). We hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(1). (2) Whether the Tax Court has the jurisdiction to redetermine the amount assessed under section 6651(a)(3). We hold that the Tax Court lacks jurisdiction to redetermine the amount assessed. (3) Whether respondent is estopped from issuing a notice of deficiency after petitioner executed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment -- Estate and Gift Tax (Form 890). We hold that respondent is not estopped.
FINDINGS OF FACT
*364 Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner's mailing address was Durham, Connecticut, at the time the petition was filed. Anthony G. Russo (decedent) died on July 14, 1982. At the time of his death, decedent was a resident of the State of Connecticut. Decedent's two sons, Gennaro A. Russo and Michael J. Russo, served as co-executors of decedent's estate. Decedent's estate tax return was due to be filed on or before April 14, 1983, pursuant to section 6075(a). The co-executors engaged Edward Blaschinski, a public accountant, to prepare and file the Federal estate tax return (Form 706). Mr. Blaschinski had been decedent's accountant for 40 years. Mark C. Yellin, attorney for the estate, wrote Mr. Blaschinski on three occasions, October 6, 1982, November 14, 1984, and March 4, 1985, insisting that decedent's estate tax return be completed immediately and filed. The record does not indicate what reasons prevented Mr. Blaschinski from completing and filing the estate tax return by the due date. When the return was completed, Michael J. Russo and Gennaro A. Russo signed *365 the Form 706 in their capacities as co-executors on October 15, 1985. The Form 706 was filed with the Internal Revenue Service Center at And over, Massachusetts, on October 22, 1985. The Form 706 reported a balance due (net estate tax) of $ 40,123. Petitioner did not remit payment of the estate tax with the Form 706. On December 24, 1985, petitioner paid to the Internal Revenue Service $ 42,043.40 as an estate tax. The difference between the tax reported on the Form 706 ($ 40,123) and the amount paid as tax on December 24, 1985 ($ 42,043.40) is attributed to respondent's issuance of a request for payment in the latter amount based upon an erroneous deduction claimed on the Form 706. On December 9, 1985, the Internal Revenue Service summarily assessed an addition to tax for late filing against petitioner in the amount of $ 9,459.77 ($ 42,043.40 X .045/month X 5 months = $ 9,459.77). On December 9, 1985, and January 27, 1986, the Internal Revenue Service summarily assessed additions to tax for late payment against petitioner in the amounts of $ 5,675.86 and $ 1,051.08 ($ 42,043.40 X .005/month X 27 months = $ 5,675.86 and $ 42,043.40 X .005/month X 5 months = $ 1,051.08). The *366 parties stipulated to these amounts. Following the examination of the Form 706, respondent proposed in a Report of Estate Tax Examination Changes (Form 1273) dated May 17, 1987, an additional estate tax liability in the amount of $ 70,613.21 and an addition to tax under section 6651(a)(1). The additional estate tax liability resulted in a total corrected tax in the amount of $ 112,656.61 ($ 42,043.40 + $ 70,613.21 = $ 112,656.61 -- these amounts were rounded by the parties to $ 112,656). On July 7, 1987, the executors signed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment -- Estate and Gift Tax (Form 890) in which they agreed to the proposed deficiency in the amount of $ 70,613.21. The original Form 890 proposed an increase in estate tax in the amount of $ 70,613.21 and an addition to tax pursuant to section 6651(a)(1) in the amount of $ 17,653.30. The co-executors returned to respondent a copy of the Form 890 in which the amount of the proposed addition to tax of $ 17,653.30 was deleted. On September 28, 1987, the Internal Revenue Service assessed petitioner's additional tax liability ($ 70,613.21) pursuant to the Form 890. *367 By statutory notice of deficiency dated October 12, 1988, respondent determined that petitioner was liable for an addition to tax for late filing under section 6651(a)(1) in the amount of $ 17,653.30 (25 percent of $ 70,613.21). On May 22, 1989, the Internal Revenue Service assessed against petitioner an addition to tax for late payment attributable to $ 70,613.21 in the amount of $ 10,011.45 pursuant to section 6651(a)(3). This assessment was made more than 3 years after the filing of the Form 706. Petitioner made the following payments of tax, additions to tax, and interest: Date
Amount
Designation
December 23, 1985
$  17,282.41
(interest only) December 24, 1985
42,043.40
(tax per return)
October 12, 1988
584.12
April 26, 1989
25,000.00
April 28, 1989
140,889.39
Petitioner paid the failure to pay ($ 5,675.86 and $ 1,051.08) and the failure to file ($ 9,459.77) additions to tax assessed on December 9, 1985, and January 27, 1986. Petitioner paid the failure to pay ($ 10,011.45) addition to tax assessed on May 22, 1989. There is nothing in the record to clarify the nature of the amounts (deficiency, additions to tax, or interest) of the last three payments *368 ($ 584.12, $ 25,000.00, $ 140,889.39) made by petitioner. Since these amounts were stipulated to, we conclude that there is no dispute over whether the amounts are correct. OPINION In the case of a decedent dying in 1982, section 6018(a)(1) and (3) provides that a Federal estate tax return shall be filed in all cases where a decedent's gross estate exceeds $ 225,000. Decedent's gross estate before adjustments totaled $ 455,270.20, and after adjustments decedent's taxable estate was $ 589,869. Returns made under section 6018(a) must be filed within 9 months after the date of decedent's death. Sec. 6075(a). Mr. Russo died on July 14, 1982. Therefore, the estate tax return was due to be filed on or before April 14, 1983. Section 6081(a) authorizes the Secretary to grant an extension of time for filing any return, but such extension generally shall not be more than 6 months. The record indicates that petitioner did not file for an extension of time for filing the estate tax return. Section 6151(a) provides that payment of tax must be made at the time of filing the return. The estate tax return was filed on October 22, 1985, but payment of the estate tax shown on the return *369 was not made until December 24, 1985. Section 6161(a)(2) provides that the Secretary may, for reasonable cause, extend the time for payment of estate tax. However, the record indicates that no such extension was requested or granted. The first issue is whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651 provides for an: (a) Addition to the Tax. -- In case of failure -- (1) to file any return * * * on the date prescribed * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;
To avoid the addition to tax the taxpayer must prove both (1) that the failure was due to reasonable cause, and (2) that the failure did not result from willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). During the trial, the co-executors testified *370 that they believed they should not be held liable for the addition to tax under section 6651(a)(1) because they relied on Mr. Blaschinski to file the estate tax return. In Boyle, the Supreme Court resolved the issue of whether reliance on an attorney is reasonable cause for failure to timely file a tax return. The Supreme Court decided that "The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under section 6651(a)(1)." United States v. Boyle, supra at 252. Therefore, petitioner's reliance upon a tax advisor to timely file the estate tax return does not constitute reasonable cause for the untimely filed return. Accordingly, we hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(1). The second issue is whether the Tax Court has the jurisdiction to redetermine the amount ($ 10,011.45) assessed by respondent under section 6651(a)(3). In the statutory notice of deficiency, respondent determined that petitioner was liable for an addition to tax for failure to file on time under section 6651(a)(1). In the original *371 petition, petitioner stated that respondent erred in his determination that petitioner was liable for an addition to tax under section 6651(a)(1). Petitioner filed an amended petition in which he asserted that respondent erred in his assessment of a failure to pay addition to tax in the amount of $ 10,011.45. In respondent's amended answer, he denied the error alleged in the amended petition (paragraphs 4(a)-(d)). There is no discussion in any of the pleadings of the fact that the failure to pay addition to tax ($ 10,011.45) was not included in the statutory notice of deficiency. The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent provided by Congress. Sec. 7442; Kluger v. Commissioner, 83 T.C. 309, 314 (1984); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981); Wilt v. Commissioner, 60 T.C. 977, 978 (1973). Upon the issuance of a statutory notice of deficiency and the timely filing of a petition, this Court has the jurisdiction to redetermine the correctness of deficiencies in income, estate, gift, certain excise taxes, and additions to tax as determined by respondent *372 in the notice of deficiency. Secs. 6211-6215; Kluger v. Commissioner, supra at 314; Estate of DiRezza v. Commissioner, 78 T.C. 19, 25 (1982). The issuance of a notice of deficiency is a condition precedent to Tax Court jurisdiction, except in certain declaratory judgment and disclosure actions. Rule 13; Medeiros v. Commissioner, supra at 1260; Judd v. Commissioner, 74 T.C. 651, 653 (1980); Wilt v. Commissioner, supra at 978; Robertson v. Commissioner, T.C. Memo 1983-32. Prior to the issuance of the notice of deficiency in this case, petitioner and respondent reached an agreement that petitioner owed additional estate tax in the amount of $ 70,613.21. Petitioner signed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment with respect to this amount. This Waiver entitled respondent to automatically assess the additional estate tax and resulted in petitioner's giving up his right to contest this matter in the Tax Court. Petitioner failed to pay the assessed estate tax within 10 days of notice and demand. *373 For failure to pay the estate tax within 10 days of notice and demand, respondent properly assessed a failure to pay addition to tax under section 6651(a)(3) on May 20, 1989. No statutory notice of deficiency was issued with respect to either the additional estate tax liability or the addition to tax under section 6651(a)(3). Accordingly, since the addition to tax under section 6651(a)(3) was related to the failure to pay an agreed assessed estate tax amount and was not a determination in the notice of deficiency, we conclude that we lack the jurisdiction to redetermine this amount. Finally, respondent is not estopped from issuing a notice of deficiency after petitioner executed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment (Form 890). Estate of Meyer v. Commissioner, 58 T.C. 69, 71 (1972); Davis v. Commissioner, 29 T.C. 878, 895 (1958). The Form 890 which was executed by the co-executors does not constitute a binding closing agreement under section 7121. Joyce v. Gentsch, 141 F.2d 891, 894 (6th Cir. 1944); Findlay v. Commissioner, 39 T.C. 580, 588 (1962), *374 affd. in part and revd. in part on another issue 332 F.2d 620 (2d Cir. 1964); Gum Products, Inc. v. Commissioner, 38 T.C. 700, 707 (1962); Auerbach Shoe Co. v. Commissioner, 21 T.C. 191, 195-196 (1953), affd. 216 F.2d 693 (1st Cir. 1954). The Form 890 is merely a waiver by petitioner of the statutory notice requirement imposed upon respondent by section 6212. Maloney v. Commissioner, T.C. Memo 1986-91. The language of the form indicates an intent not to be bound. The form expressly states that petitioner may later file a claim for refund and that respondent is not prevented from making subsequent determinations. Maloney v. Commissioner, supra.Accordingly, we hold that respondent is not estopped from issuing a notice of deficiency after petitioner executed a Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment. Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect at the date of death of the decedent, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩