T.C. Memo. 1997-182

UNITED STATES TAX COURT

HELENA CULVER FRASER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18668-95.                    Filed April 15, 1997.

Helena Culver Fraser, pro se.

Andrew P. Crousore, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  Respondent determined deficiencies in petitioner's Federal income and self-employment taxes and additions to tax as follows:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(f)     | Sec. 6654(a) |
| 1991  | $11,376    | $6,933           | $34  |
| 1992  | 15,885     | 9,727            | 553  |
| 1993  | 23,398     | 17,549           | 981  |

After concessions, the issues for decision are: (1) Whether petitioner failed to report wages from her employment, interest income, and unemployment compensation, and (2) whether petitioner is liable for additions to tax under section 6654(a)[1] for her failure to pay estimated taxes. Respondent has conceded that petitioner is not liable for the additions to tax under section 6651(f).

Procedural Background

On August 19, 1996, respondent filed a Motion to Show Cause pursuant to Rule 91(f) as to why facts and evidence set forth in her proposed stipulation of facts should not be accepted as established. On September 17, 1996, petitioner filed a response to this Court's order to show cause. After due consideration, this Court ordered on September 20, 1996, that facts and evidence set forth in respondent's proposed stipulation of facts were deemed to be established for purposes of this case.

Facts Deemed Admitted

At the time the petition in this case was filed, petitioner resided in Visalia, California. During 1991 and 1992, petitioner

---

[1] All section and subtitle references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise designated.

worked as a physician's assistant for multiple employers and received wages in the amounts of $50,882 and $67,131, respectively. During 1991, 1992, and 1993, petitioner earned nonemployee compensation from her self-employment as a physician's assistant in the amounts of $3,500, $2,115, and $71,291, respectively. In addition, petitioner received unemployment compensation in the amount of $920 in 1992 and interest income in the amount of $12 in 1991. In total, petitioner received income during the years in issue as follows:

| Year | Amount |
|------|--------|
| 1991 | $54,382 |
| 1992 | 69,246 |
| 1993 | 71,291 |

Petitioner did not file income tax returns for any of the years in issue, nor was any tax withheld or paid on income that she earned in those years.

Discussion

Petitioner argues that her income was from her employment and falls under the provisions of subtitle C. This Court lacks jurisdiction in matters arising under subtitle C. Sec. 7442; Judd v. Commissioner, 74 T.C. 651, 652-653 (1980). Accordingly, petitioner contends that we lack subject matter jurisdiction over this case. Subtitle C imposes employment tax on wages of individuals required to be withheld by employers which is in addition to income tax imposed by subtitle A. Subtitle A imposes an income tax on an individual's taxable income, determined from gross income. Section 61(a) defines gross income as "income from

whatever source derived," including compensation for services and interest income. Sec. 61(a)(1), (4). In addition, section 85 includes unemployment compensation in gross income. Respondent determined petitioner's deficiencies for the years in issue under subtitle A, to which the deficiency notice procedures apply. Sec. 6211(a). Respondent issued a notice of deficiency, and petitioner invoked the jurisdiction of this Court by filing a petition in response to that notice of deficiency. Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991).

Petitioner also contends that we lack jurisdiction because the notice of deficiency issued by respondent was invalid. Petitioner bases her claim of the invalidity of the deficiency notice on the ground that respondent did not make a determination of her deficiency as required by section 6212, citing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Section 6212(a) authorizes the Commissioner to mail a notice of deficiency to a taxpayer after determining a deficiency.

The Commissioner must consider information relating to a particular taxpayer to make her determination of a deficiency with respect to that taxpayer. Scar v. Commissioner, supra at 1368. A presumption exists that the Commissioner made a determination if the notice reveals that the deficiency was based on information relating to the taxpayer. Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989). Absent exceptional

circumstances, we will not look behind a notice of deficiency to examine the evidence used by the Commissioner in her determination. Id.

Respondent considered reliable information that related to petitioner in particular. Attachments to the deficiency notice identify petitioner's employers and other sources of income. Nothing on the face of the notice of deficiency indicates that respondent failed to make a determination with respect to petitioner's tax liability. We find that respondent satisfied the requirements of section 6212, and the notice of deficiency issued to petitioner is valid. Thus, we have jurisdiction over this case.

Despite petitioner's extensive and well-written arguments on brief, the factual allegations deemed admitted under Rule 91(f) establish that petitioner had income for the years in issue which she failed to report. In addition, petitioner did not present any evidence contesting respondent's determination that she is subject to self-employment tax under section 1401. We sustain respondent's determination as to the deficiencies in petitioner's Federal income and self-employment taxes.

Section 6654(a) imposes an addition to tax for failure to make timely estimated income tax payments. Section 6654(e) contains exceptions to the application of the addition to tax. Petitioner bears the burden of proving that she is not liable for additions to tax. Rule 142(a).

Petitioner received taxable income during each of the years in issue and did not make any estimated tax payments. Petitioner has not proven that any of the exceptions to section 6654(a) apply. Thus, petitioner is liable for the section 6654(a) additions to tax for the years in issue.

To reflect the foregoing,

Decision will be entered for respondent except as to the additions to tax under section 6651(f).