133 T.C. No. 18

UNITED STATES TAX COURT

SYDNEY G. AND LISA M. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9845-09.                    Filed December 21, 2009.

     R issued Ps a notice of deficiency that determined
deficiencies in income tax and accuracy-related
penalties for 2003, 2004, 2005, and 2006 under secs.
6662, I.R.C., and 6662A, I.R.C.  R subsequently sent Ps
notices of assessment for penalties assessed under sec.
6707A, I.R.C., for 2004, 2005, and 2006.  R filed a
Motion to Dismiss for Lack of Jurisdiction and to
Strike as to the Section 6707A Penalties.

     <u>Held</u>:  This Court lacks jurisdiction to
redetermine sec. 6707A, I.R.C., penalties in a
deficiency proceeding.

<u>Michael E. Lloyd</u> and <u>Stephen J. Pieklik</u>, for petitioners.

<u>John R. Bampfield</u>, for respondent.

OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Section 6707A Penalties.  We decide for the first time whether this Court has jurisdiction in a deficiency proceeding to redetermine a taxpayer's liability for section 6707A[1] penalties.  We conclude that we do not.

<u>Background</u>

We recite these facts solely for purposes of ruling on respondent's motion.  Petitioners resided in Hawaii at the time they filed the petition.  Respondent issued petitioners a deficiency notice for 2003, 2004, 2005, and 2006.  Respondent determined a deficiency in income tax for each challenged year, as well as accuracy-related penalties under sections 6662 and 6662A as follows:

|  |  | Penalties | |
| Year | Deficiency | Sec. 6662 | Sec. 6662A |
| 2003 | $637 | $127.40 | -- |
| 2004 | 65,065 | 5,433.20 | $10,804.50 |
| 2005 | 33,683 | 94.60 | 10,500.00 |
| 2006 | 34,589 | 53.00 | 10,762.00 |

Respondent also sent petitioners notices of assessment of section 6707A penalties for failure to report involvement in a

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

listed transaction. The assessments were for 2004, 2005, and 2006, in the amount of $100,000 for each year, totaling $300,000.

Respondent also issued deficiency and assessment notices to petitioner Mr. Smith's solely owned company, Sydney G. Smith, MD, Inc. (corporation). Respondent determined that the corporation had deficiencies in income tax for 2004, 2005, and 2006 and was liable for accuracy-related penalties under sections 6662 and 6662A. Respondent also assessed the corporation with section 6707A penalties for years 2004, 2005, and 2006, in the amount of $200,000 for each year, totaling $600,000. Mr. Smith filed this case separately from the case involving his corporation, Sydney G. Smith, MD, Inc. v. Commissioner, Docket No. 10037-09.

Petitioners timely filed a petition challenging the deficiency notice and the notices of assessment. Respondent then filed a Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Section 6707A Penalties, stating that this Court lacks jurisdiction to redetermine the section 6707A penalties. Petitioners object and ask the Court to deny respondent's motion and find that this Court has jurisdiction to redetermine liability for the section 6707A penalties.

The parties agree that we have jurisdiction to decide the issues presented in the deficiency notice. The parties disagree, however, whether this Court has jurisdiction to redetermine petitioners' liability for the section 6707A penalties.

## Discussion

We now consider whether we have jurisdiction to redetermine petitioners' liability for section 6707A penalties.  We begin by explaining the general principles of Tax Court jurisdiction.

Tax Court Jurisdiction

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Tax Court is without authority to enlarge upon that statutory grant.  See Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction.  Hambrick v. Commissioner, 118 T.C. 348 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).  We therefore find we have authority to determine whether this Court has jurisdiction to redetermine petitioners' liability for the section 6707A penalties.

Respondent contends that we lack jurisdiction to redetermine the section 6707A penalties and has therefore moved to strike them from the pleading.  This Court may strike from any pleading any insufficient claim or defense or any redundant or immaterial matter upon a timely motion of the parties or on our own initiative.  Rule 52.  In determining whether we lack jurisdiction and therefore may strike the portion relating to the

section 6707A penalties, we turn now to the legislative history of section 6707A.

Legislative History of Section 6707A

Congress enacted section 6707A to aid the Internal Revenue Service's (IRS) effort to stop abusive tax shelters, specifically by imposing a penalty for a taxpayer's failure to disclose participation in certain tax-avoidance transactions known as reportable transactions.[2]  See H. Rept. 108-548 (Part 1), at 261 (2004).  Before section 6707A's enactment, the Treasury Department had issued regulations requiring taxpayers to disclose participation in reportable transactions.  See id. at 260; sec. 1.6011-4, Income Tax Regs.  Even with the disclosure requirement, however, the IRS often did not learn of the existence of tax shelters until after it conducted audits.  National Taxpayer Advocate, 2008 Annual Report to Congress (Vol. Two), at 420 (2008).  Congress believed that Treasury needed additional tools to enforce compliance with the reportable transaction disclosure regulations.  Congress thereafter passed a law imposing a penalty for failure to include information regarding participation in a reportable transaction on a taxpayer's tax return or statement. H. Rept. 108-548 (Part 1), supra at 261.  Congress codified the

[2]Sec. 1.6011-4(b), Income Tax Regs., defines "reportable transactions" to include "listed transactions" (e.g., a transaction the Internal Revenue Service (IRS) has determined to be a tax avoidance transaction and has identified by notice, regulation, or other published guidance as a listed transaction).

new penalty in section 6707A. American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 811, 118 Stat. 1575.

The amount the IRS may assess a taxpayer for failure to include information required under section 6011 with respect to a reportable transaction other than a listed transaction is $10,000 in the case of an individual and $50,000 in any other case. Sec. 6707A(b)(1). If the failure is with respect to a listed transaction the penalty is increased to $100,000 in the case of an individual and $200,000 in any other case. Sec. 6707A(b)(2). The penalty applies without regard to whether the transaction ultimately results in an understatement of income, estate, gift, or excise tax, or, for that matter, any tax whatsoever, and in addition to any other penalty, including an accuracy-related penalty, imposed by the Code. See sec. 6707A(f).

The Commissioner may rescind all or any portion of the penalty imposed respecting a reportable transaction other than a listed transaction. Sec. 6707A(d)(1). A determination by the Commissioner regarding the rescission of a penalty may not be reviewed in any judicial proceeding. Sec. 6707A(d)(2). The legislative history indicates that the statute's prohibition of judicial review is not intended otherwise to limit the taxpayer's ability to litigate whether a penalty is appropriate. H. Rept. 108-548 (Part 1), supra at 262 n.233; see Rev. Proc. 2007-21,

2007-1 C.B. 613.  We turn now to petitioners' liability for the section 6707A penalties.

Tax Court Review of "Assessable Penalties"

Petitioners filed a petition with this Court asserting that we have jurisdiction not only over the deficiency notice but also over the assessed section 6707A penalties.  Respondent counters that our deficiency jurisdiction does not include section 6707A penalties.

A section 6707A penalty is an "assessable penalty" located under subchapter B of chapter 68, entitled "Assessable Penalties."  Respondent asserts that petitioners may not seek a redetermination by this Court of the section 6707A penalty because it is an "assessable penalty."  The label of "assessable penalty," however, does not automatically bar a taxpayer from using the deficiency procedures to challenge the liability.  An assessable penalty, rather, must be paid upon notice and demand and assessed and collected in the same manner as taxes.  Sec. 6671; Hickey v. Commissioner, T.C. Memo. 2009-2.

Certain penalties imposed under subchapter B of chapter 68 are explicitly exempt from the deficiency procedures.[3]  No such

---

[3]Secs. 6677(e) (failure to file information with respect to foreign trust), 6679(b) (failure to file returns, etc., with respect to foreign corporations or foreign partnerships), 6682(c) (false information with respect to withholding), 6693(d) (failure to provide reports on certain tax-favored accounts or annuities), 6696(b) (rules applicable with respect to secs. 6694, 6695, and
(continued...)

explicit limitation is found in section 6707A.  Section 6707A's silence as to deficiency proceedings, however, does not vest this Court with jurisdiction.  This Court and others have held that other penalties lacking such an explicit exemption are not subject to the deficiency procedures.  See Shaw v. United States, 331 F.2d 493 (9th Cir. 1964) (distinguishing section 6672 penalties not subject to deficiency proceedings from section 6651 additions subject to deficiency proceedings); Medeiros v. Commissioner, 77 T.C. 1255 (1981) (this Court lacks jurisdiction to review previously assessed section 6672 penalties), affd. 742 F.2d 1446 (2d Cir. 1983); Judd v. Commissioner, 74 T.C. 651 (1981) (this Court lacks jurisdiction to review assessment of section 6652 additions to tax).

"Deficiency" means, as relevant here, the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the amount shown as tax by the taxpayer upon his or her return.  Sec. 6211(a); see Granquist v. Hackleman, 264 F.2d 9, 15 (9th Cir. 1959).  We conclude that section 6707A penalties are not included in the statutory definition of "deficiency."  See secs. 6671, 6211.  Section 6707A penalties do not depend upon a

---

[3](...continued)
6695A), 6697(c) (assessable penalties with respect to liability for tax of regulated investment companies), 6706(c) (original issue discount information requirements), 6713(c) (disclosure or use of information by preparers of returns), 6716(e) (failure to file information with respect to certain transfers at death and gifts).

deficiency.  They may be assessed even if there is an overpayment of tax.  The IRS imposes the penalty for failure to disclose a reportable transaction.

We note that this Court has never exercised jurisdiction over an assessable penalty that was not related to a deficiency, even absent Congress' explicitly circumscribing our jurisdiction. See Williams v. Commissioner, 131 T.C. 54, 58 n.4 (2008) (assessable penalties fall outside the deficiency notice regime of sections 6212 to 6214 and thus fall outside this Court's deficiency jurisdiction).  Moreover, most of the assessable penalty provisions[4] that do not implicate deficiency proceedings concern a taxpayer's failure to file a return or provide other information similar to failing to disclose a reportable transaction under section 6707A.

---

[4]See secs. 6651 (failure to file a tax return or to pay a tax; the deficiency procedures apply only to the portion of the penalty attributable to the deficiency in taxes), 6677 (failure to file information returns with respect to certain foreign trusts), 6679 (failure to file returns, etc., with respect to foreign corporations or foreign partnerships), 6686 (failure to file returns or supply information by domestic international sales corporation or foreign sales corporation), 6688 (assessable penalties with respect to information required to be furnished under sec. 7654), 6690 (fraudulent statement or failure to furnish statement to plan participant), 6692 (failure to file actuarial report), 6707 (failure to furnish information regarding reportable transactions), 6708 (failure to maintain lists of advisees with respect to reportable transactions), 6710 (failure to disclose that contributions are nondeductible), 6711 (failure by tax-exempt organization to disclose that certain information or service available from Federal Government), 6712 (failure to disclose treaty-based return positions).

Here respondent issued a deficiency notice, which is a condition precedent to Tax Court jurisdiction. See Medeiros v. Commissioner, supra at 1260. The notice, however, did not determine the section 6707A penalties. Respondent assessed penalties based on his determinations that petitioners failed to report a listed transaction as required by section 6011. Sec. 6707A(a). The section 6707A penalty is not within our deficiency jurisdiction. See sec. 7442. Respondent may therefore assess and collect the penalty without issuing a deficiency notice.[5] We accordingly conclude that we lack jurisdiction[6] to redetermine the

---

[5]The Court notes that the IRS is aware of the impact of the sec. 6707A penalties on taxpayers. National Taxpayer Advocate, 2008 Annual Report to Congress (Vol. Two), at 420 (2008). The IRS "believe[s] the imposition of such a large penalty on a taxpayer who entered into a transaction that produced little or even no tax savings and without regard to the taxpayer's knowledge or intent raises significant * * * concerns." Id. at 421. Though Congress may later determine that this Court should be given jurisdiction to review sec. 6707A penalties to address these concerns, we are constricted at this time.

[6]Though this Court is currently without jurisdiction, petitioners may have other avenues for judicial review. Petitioners may pay the penalties and seek recovery in a refund court. See sec. 7422; 28 U.S.C. sec. 1346 (2006). In addition, we would presumably have jurisdiction to redetermine a liability challenge asserted by petitioners in a collection due process hearing. See sec. 6330(d)(1); Williams v. Commissioner, 131 T.C. 54, 58 n.4 (2008); Callahan v. Commissioner, 130 T.C. 44, 48 (2008); D & M Painting Corp. v. United States, 103 AFTR 2d 2009-1516, 2009-1 USTC par. 50,343 (W.D. Pa. 2009) (District Court dismissed case because taxpayer could still seek redress by either paying the tax or through obtaining a pre-levy hearing pursuant to sec. 6330).

section 6707A penalties and shall grant respondent's motion to dismiss and to strike as to the section 6707A penalties.[7]

For the foregoing reasons,

An appropriate order will

be issued.

---

[7]We maintain jurisdiction as to petitioners' deficiencies and the accuracy-related penalties under secs. 6662 and 6662A.