APEX OIL COMPANY, INC., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Apex Oil Co. v. Comm'r
Docket No. 27336-11.
United States Tax Court
2012 U.S. Tax Ct. LEXIS 48; 2013-1 U.S. Tax Cas. (CCH) P50,244; February 6, 2012, Entered
*48 For Petitioner: HD0402 Douglas D. Hommert, Kirkwood, MO; DJ1080 Joseph A. DiRuzzo, III, Fuerst Ittleman David & Joseph, Miami, FL.
For Respondent: HN0090 Nancy E. Hooten, Denver, CO.
John O. Colvin, Chief Judge.
John O. Colvin
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On December 16, 2011, respondent filed a Motion to Dismiss for Lack of Jurisdiction, at docket No. 27336-10, on the grounds that: (1) the petition was not filed timely as to the notice of determination of worker classification dated November 20, 2009, sent to petitioner with respect to its taxable periods ending in 2003, 2004, and 2005; and (2) no notice of determination under I.R.C. section 6320 or 6330 for 2003, 2004, and 2005 was issued to petitioner that would confer jurisdiction upon this Court. In support of his motion to dismiss respondent states that, based on diligent search of respondent's records kept in the ordinary course of business, respondent has determined no notice of determination under I.R.C. section 6320 or 6330 was issued to petitioner for 2003, 2004, and 2005 that would confer jurisdiction upon this Court. On January 9, 2012, petitioner filed an Objection to respondent's motion to dismiss. On January *49 31, 2012, respondent filed a Response to petitioner's objection.
On February 16, 2010, petitioner filed a timely petition commencing the case at docket No. 3707-10 challenging a notice of determination of worker classification dated November 20, 2009, sent to petitioner with respect to its 2003, 2004, and 2005 tax periods. That case is pending before the Court. Respondent in that notice of determination concerning worker classification did not determine petitioner was liable for penalties under I.R.C. sections 6721 and/or 6722.
The petition entitled "Petition for Redetermination of Employment Under Code Section 7436 commencing this case at docket No. 27336-11 was filed on November 29, 2011. Petitioner in the petition seeks to have the Court. (1) determine whether respondent's assessment of I.R.C. sections 6721 and 6722 penalties against petitioner for 2003, 2004, and 2005 violates I.R.C. section 6213(a); (2) determine whether, at the time respondent offset petitioner' s overpayments of excise taxes against the I.R.C. section 6721 and 6722 penalty liabilities, petitioner had no liability for those penalties or interest accrued thereon; (3) determine whether respondent violated I.R.C. section 6402(a) *50 when respondent offset petitioner's overpayments of excise taxes against those penalties; (4) order respondent to refund to petitioner the overpayments which respondent offset against those penalties, together with interest; (5) enjoin respondent from offsetting any other overpayments by petitioner of excise taxes or any other taxes (and/or interest on any such overpayments) against those penalties until such time as the Tax Court's decision as to the aforementioned determinations sought by petitioner are final; and (6) award to petitioner reasonable litigation costs (including reasonable attorney's fees and costs) incurred by petitioner in connection with this court proceeding; and (7) grant to petitioner such other amounts and make such other orders as the Court deems appropriate. Attached to the petition at docket No. 27336-11, is a copy of the same November 20, 2009, notice of determination of worker classification upon which the case at docket No. 3707-10 is based.
The record reflects that respondent mailed the above November 20, 2009, notice of determination concerning worker classification to petitioner on November 20, 2009. The 90-day period for filing a timely petition with *51 the Court under I.R.C. section 7436(b)(2) expired on February 18, 2010. As noted above, a timely petition commencing the case at docket No. 3707-10 was filed on February 16, 2010. The petition, at docket No. 27736-11 filed on November 29, 2011, was received in an envelope bearing a UPS mailing label indicating that mailing package was received by UPS on November 29, 2011, over 21 months beyond the 90-day filing period. That petition, at docket No. 27736-11, was further sighed and dated by petitioner's counsel as of November 28, 2011.
The Tax Court may exercise its jurisdiction only to the extent authorized by Congress. I.R.C. sec. 7442; Moore v. Commissioner, 114 T.C. 171, 175 (2000); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). If, in connection with an audit of any person, there is an actual controversy involving a determination by the Commissioner as part of an examination that (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C of the Internal Revenue Code, or (2) such person is not entitled to treatment under section 530(a) of the Revenue Act of 1978 with respect to such an individual, upon the filing of an *52 appropriate pleading, the Tax Court may redetermine the correctness of such determination by the Commissioner of employment status and the proper amount of employment tax under such a determination. I.R.C. sec. 7436(a); Charlotte's Office Boutique v. Commissioner, 121 T.C. 89, 102-103 (2003). We thus have jurisdiction under section 7436(a) to decide whether the Commissioner's determinations of worker classification are correct. That jurisdiction extends to deciding both the proper amounts of employment tax resulting from those determinations and whether that taxpayer is liable for related additions to tax and penalties. Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 267-268 (2001); Charlotte's Office Boutique v. Commissioner, T.C. Memo. 2004-43, affd. 425 F.3d 1203 (9th Cir. 2005). No proceeding under section 7436 may be initiated with respect to such determinations, however, unless the petition is filed before the 91st day after the mailing of the notice of determination concerning worker classification. I.R.C. sec. 7436(b)(2); Rule 290(c), Tax Court Rules of Practice and Procedure.
The Court's jurisdiction to review certain collection activity by the Internal Revenue Service *53 under I.R.C. sections 6320 and 6330 depends on the issuance of a valid notice of determination and the timely filing of a petition with this Court for review. Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000). Thus, in the absence of a notice of determination under I.R.C. section 6320 or 6330, this Court lacks jurisdiction.
Petitioner was served with a copy of respondent's motion to dismiss for lack of jurisdiction. On January 9, 2012, petitioner filed an Objection to the motion to dismiss. In its Objection petitioner acknowledges that. (1) this case is not based upon a purported November 29, 2011, petition by petitioner entitled "Petition for Redetermination of Employment Under Code Section 7436"; and (2) petitioner is not seeking review of a notice of determination under I.R.C section 6320 or 6330. Rather, petitioner asserts that this Court has jurisdiction, at docket No. 27336-11, to review petitioner's I.R.C. section 6721 and 6722 penalty liabilities under I.R.C. section 6213(a). In this connection, petitioner *54 argues that. (1) the November 20, 2009, notice of determination of worker classification (upon which the case at docket No. 3707-10 is based) is treated as a notice of deficiency under I.R.C. section 6213(a) pursuant to I.R.C. section 7436(a) and (d); (2) I.R.C. section 6213(a) specifically authorizes this Court to grant to petitioner the relief petitioner seeks in its petition, filed at docket No. 27336-11 on November 29, 2011; and (3) petitioner timely filed the petition at docket No. 3707-10 as to the November 20, 2009, notice of determination of worker classification.
I.R.C. section 6721 provides a penalty for "Failure to file correct informational returns". I.R.C. section 6722 provides for similar penalties in the case of "Failure to furnish correct payee statements". Both the section 6721 and 6722 penalties are assessable penalties under subchapter B of chapter 68, that are not subject to the deficiency procedures. I.R.C. sec. 6671(a); see Smith v. Commissioner, 133 T.C. 424 (2009). Indeed, petitioner does not contend that respondent issued to petitioner an actual notice of deficiency under section 6213 with respect to those penalties. Rather, petitioner instead argues that that *55 the November 20, 2009, notice of determination of worker classification should be treated as a deficiency notice under section 7436(d) in this case at docket No. 27336-11. Contrary to petitioner's argument, however, the record shows that the petition at docket No. 27336-11 was not timely filed as to that November 20, 2009, notice of determination of worker classification. Hence this Court lacks jurisdiction in this case at docket No. 27336-11 to review that November 20, 2009, notice of determination of worker classification. I.R.C. sec. 7436(b)(2); Rule 290(c), Tax Court Rules of Practice and Procedure.
The record further shows that no notice of determination under I.R.C. section 6320 or 6330 was issued to petitioner for 2003, 2004, and 2005. Consequently, this case must be dismissed for lack of jurisdiction. Orum v. Commissioner, supra; Moorhous v. Commissioner, supra; Sarrell v. Commissioner, supra.
The foregoing and the premises considered, it is
ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 16, 2011, is granted and this case is dismissed for lack of jurisdiction.
(Signed) John O. Colvin
Chief Judge
ENTERED: FEB 06 2012