**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2015-56

UNITED STATES TAX COURT

VALENTINE C. ANYANWU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6011-14S L.                    Filed September 9, 2015.

<u>Celio W. Young</u>, for petitioner.

<u>William J. Gregg</u> and <u>Randall S. Trebat, Jr.</u>, for respondent.

SUMMARY OPINION

BUCH, <u>Judge</u>: This case was heard pursuant to section 7463 of the Internal

Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This is a collection case in which the Internal Revenue Service (IRS) issued a notice of intent to levy and where the underlying liability is for penalties under section 6695(c). That provision imposes a penalty if a return preparer fails to include an appropriate identifying number on a return that he prepared for compensation. The evidence establishes that Mr. Anyanwu received compensation for preparing only 90 of the 134 returns for which respondent imposed penalties. Accordingly, we find that Mr. Anyanwu is liable for the section 6695(c) penalty for each of 90 returns, and we sustain the levy determination to that extent.

## Background

Mr. Anyanwu is a certified public accountant and prepares tax returns part time as a second job. He has prepared returns for more than 25 years.

During calendar year 2010 Mr. Anyanwu prepared 134 returns for tax year 2009. Mr. Anyanwu did not charge to prepare some of these returns, estimating that "about 30 something, 40 something" of the clients were nonpaying clients such as friends and relatives. Mr. Anyanwu reported the income he received from this tax preparation work on his 2010 Form 1040, U.S. Individual Income Tax Return. It was Mr. Anyanwu's practice to include his name, address, phone

number, signature, and the last four digits of his Social Security number on the tax returns he prepared for tax year 2009. He claimed he did not include his full Social Security number because he had been a victim of identity theft in the past and was concerned for his privacy.

I.     Audit

The IRS audited Mr. Anyanwu's 2010 tax return, and this examination led the IRS to also investigate the tax returns Mr. Anyanwu prepared for tax year 2009. The IRS determined that Mr. Anyanwu did not include all of the information required of a tax return preparer on those returns. Mr. Anyanwu provided the IRS with a list of clients for whom he had prepared returns during calendar year 2010 for tax year 2009, and he informed the IRS that he had billed only 76 of those clients.

In addition to the list of clients provided by Mr. Anyanwu, the IRS relied on another list generated by its service center. The examining agent was unclear on how this list was generated, stating at trial that "somebody would have pushed some kind of button, I guess". The examining agent did not review any of the actual returns that were identified on this list.

Mr. Anyanwu did not maintain a separate bank account for his tax preparation business, but he provided the IRS with information from his checking

and savings accounts. From this bank account information, the IRS identified 90 payments for tax preparation that Mr. Anyanwu received.

## II. Assessment and Collection Activities

On February 11, 2013, respondent assessed a total return preparer penalty under section 6695(c) of $6,700 for the period ending December 31, 2009. This penalty applies if a return preparer fails to include an appropriate identifying number on a return that he prepares for compensation. The penalty assessed against Mr. Anyanwu was based on the 134 returns he prepared (134 returns at $50 per return). The IRS sent Mr. Anyanwu a notice of penalty charge for this amount dated February 14, 2013. On August 5, 2013, the IRS issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.

Mr. Anyanwu timely requested a collection due process (CDP) hearing on Form 12153, Request for a Collection Due Process or Equivalent Hearing. On this form he challenged only the underlying liability, stating: "I'm not liable for (I don't owe) all or part of the taxes." He did not request collection alternatives.

The CDP hearing was held on November 5, 2013. Mr. Anyanwu's representative faxed a copy of a return he prepared for tax year 2009 to the settlement officer after the hearing. This return showed Mr. Anyanwu's name, address, phone number, signature, and the last four digits of his Social Security

number, and it was dated December 10, 2012. The settlement officer reviewed the issues raised regarding the underlying penalty and the evidence provided by Mr. Anyanwu and determined that a levy was warranted. On February 18, 2014, respondent issued a notice of determination sustaining the levy.

Mr. Anyanwu resided in Maryland when he timely petitioned for review of this notice of determination, and trial was held in Washington, D.C.

## Discussion

This case comes before us on collection review of the IRS determination sustaining the levy for 2009.

When we review collection activities, if the validity of the underlying liability is properly at issue, we review that determination de novo.[2] If the validity of the underlying liability is not properly at issue, we review the determination for an abuse of discretion.[3] Here, we are only asked to review the underlying liability,

---

[2]Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[3]Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

which is section 6695(c) penalties. We have jurisdiction under section 6330(d)(1) to review this penalty as part of a collection case.[4]

Respondent assessed penalties under section 6695(c) against Mr. Anyanwu for failing to furnish his identifying number on the 2009 tax returns he prepared. Tax return preparers who fail to provide their identifying numbers on the returns are liable for a penalty of $50 per return, with the maximum assessable penalty $25,000 per calendar year, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect."[5] The Commissioner bears the burden of production on this penalty[6] and "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."[7] The preparer then bears the burden of proving that the failure to include an identifying number was due to reasonable cause and not due to willful neglect.[8]

---

[4]Cf., e.g., Yari v. Commissioner, 143 T.C. 157, 161-162 (2014).

[5]Sec. 6695(c).

[6]Sec. 7491(c).

[7]See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

[8]Sec. 6695(c); Higbee v. Commissioner, 116 T.C. at 447.

Tax return preparers are defined in the Code as persons who prepare tax returns for compensation.[9] For the year at issue, tax return preparers were required to provide their Social Security numbers or preparer tax identification numbers (PTIN) on any returns they prepared for compensation.[10]

In 1999 the IRS first introduced PTINs when it issued a news release stating that tax return preparers could apply for PTINs and could use either their PTINs or their Social Security numbers on returns they prepared.[11] The IRS' purpose for implementing PTINs was to respond to concerns that a preparer's Social Security number "could be used inappropriately by clientele and others having access to a prepared return."[12]

Additional IRS publications and forms alerted return preparers that they were required to use either their full Social Security numbers (SSN) or PTINs. Page 2 of the 2009 Form 1040, in the box for a paid preparer to fill out, explicitly requires either the "Preparer's SSN or PTIN". Additionally, IRS Publication 4832, Return Preparer Review, from December 2009 reiterates that the tax return

---

[9]Sec. 7701(a)(36)(A).

[10]Secs. 6109(a)(4), 7701(a)(36)(A); sec. 1.6109-2(a)(2), Income Tax Regs.

[11]I.R.S. News Release IR-99-72 (Aug. 24, 1999) ("IRS to Issue Alternative Identification Numbers for Tax Preparers").

[12]I.R.S. News Release IR-99-72, supra.

preparer must furnish either a Social Security number or a PTIN on the return.[13]

Consequently, for tax year 2009 Mr. Anyanwu was required to use either a PTIN

or his Social Security number on returns he prepared for compensation.[14]

The Commissioner can directly assess tax return preparer penalties because

they are not subject to deficiency procedures.[15]  Following that, the Commissioner

can send notice and demand for payment and begin collection proceedings if the

liability is not paid.[16]

Here, we find that the underlying liability is properly before us because Mr.

Anyanwu did not receive a deficiency notice and did not otherwise have an

opportunity to dispute the penalties before the CDP hearing.[17]

---

[13]IRS Publication 4832, Return Preparer Review 33 (Dec. 2009).

[14]We note that for tax returns or claims for refund filed after December 31, 2010, tax return preparers must use PTINs as their identifying numbers.  See sec. 1.6109-2(a)(2)(ii), (d), Income Tax Regs.

[15]See sec. 6696(b).

[16]Cf., e.g., Smith v. Commissioner, 133 T.C. 424, 428-430 (2009).

[17]Sec. 6330(c)(2)(B), (d)(1).

I.    <u>Respondent Has Met His Burden for Some of the Penalties</u>.

Respondent bears "the burden of production in any court proceeding with respect to the liability of any individual for any penalty" imposed under title 26.[18] We find that he has met that burden for only 90 of the 134 returns for which the section 6695(c) penalty was imposed.

Respondent met his burden to show that Mr. Anyanwu did not include his full Social Security number on the returns he prepared, but respondent also presented evidence that Mr. Anyanwu received compensation for preparing only 90 of those returns. Although Mr. Anyanwu asserts that the number is perhaps lower than 90, his own records establish this number. Accordingly, we find that Mr. Anyanwu was compensated for 90 returns in 2009. Because the Code defines a tax return preparer as one who "prepares for compensation"[19] and respondent bears the burden of production for these penalties, we find that respondent has met his burden with respect to only 90 of the returns for which he imposed penalties.

----

[18]Sec. 7491(c).

[19]Sec. 7701(a)(36)(A).

II.     <u>Mr. Anyanwu Has Not Shown His Failure Was for Reasonable Cause and Not Due to Willful Neglect</u>.

Mr. Anyanwu claims that his failure to include his full identifying number on the returns he prepared was based on reasonable cause and not due to willful neglect.  To support his claim, Mr. Anyanwu testified that he had been a victim of identity theft in the past and thus feared disclosing his full Social Security number.  Mr. Anyanwu stated that he believed that the IRS could properly identify him as the return preparer with only the last four digits of his Social Security number, name, address, and phone number.

While we acknowledge that privacy concerns are important, we find that Mr. Anyanwu has failed to show that he had reasonable cause.  Mr. Anyanwu could have satisfied his privacy concerns within the rules by obtaining and using a PTIN instead of his full Social Security number on the returns he prepared.

We have considered the parties' arguments and, to the extent not addressed here, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.