# United States Tax Court

160 T.C. No. 6

ALON FARHY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10647-21L.                               Filed April 3, 2023.

————

P failed to file Forms 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations, for his 2003–10 taxable years as required by I.R.C. § 6038(a). P's failure to file the information returns was willful and not due to reasonable cause. R assessed an initial penalty under I.R.C. § 6038(b)(1) and continuation penalties under I.R.C. § 6038(b)(2) against P for each of his 2003–10 taxable years. R proposed a levy to collect the unpaid penalties, and P timely requested an I.R.C. § 6330 hearing. After the hearing, R issued a notice of determination sustaining the proposed levy. P timely petitioned this Court.

*Held*: R lacks statutory authority to assess penalties under I.R.C. § 6038(b)(1) or (2) against P.

*Held, further*, R may not proceed with collection of these penalties from P via the proposed levy.

————

*Edward M. Robbins, Jr.*, for petitioner.

*Cassidy B. Collins*, for respondent.

OPINION

MARVEL, *Judge*: This case is before the Court for disposition pursuant to Rule 122.[1] Petitioner seeks review of respondent's determination to proceed with a proposed levy to collect section 6038(b) penalties that respondent assessed against petitioner. After stipulations, the only issue remaining for decision is whether respondent has statutory authority to assess penalties provided by section 6038(b). For the reasons discussed herein, we decide this issue in favor of petitioner and hold that respondent may not proceed with collection via the proposed levy.

*Background*

The parties submitted this case fully stipulated under Rule 122. The stipulated facts and facts drawn from the stipulated Exhibits are incorporated herein by this reference. Petitioner resided in Israel when he petitioned the Court.[2]

During his 2003 through 2010 taxable years (years at issue), petitioner owned 100% of Katumba Capital, Inc., a foreign corporation incorporated in Belize. From 2005 (at the latest) through 2010 petitioner also owned 100% of Morningstar Ventures, Inc., a foreign corporation incorporated in Belize. During the years at issue, petitioner participated in an illegal scheme to reduce the amount of income tax that he owed, and on February 14, 2012, he signed an affidavit describing his role in that illegal scheme. He was granted immunity from prosecution in a nonprosecution agreement that he signed on September 20, 2012.

For the years at issue, petitioner had a reporting requirement under section 6038(a) to report his ownership interests in both Katumba Capital and Morningstar Ventures. For each year at issue, petitioner

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Unless otherwise agreed by the parties in writing, venue for an appeal would be the U.S. Court of Appeals for the District of Columbia Circuit. *See* § 7482(b)(1) (flush language).

was required to file Form 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations, but he did not.

On February 9, 2016, the Internal Revenue Service (IRS) mailed petitioner notice of his failure to file the required Forms 5471 for the years at issue, but petitioner never filed them. For each year at issue, petitioner's failure to file the Form 5471 was willful and not due to reasonable cause.

On November 5, 2018, the IRS assessed an initial penalty under section 6038(b)(1) of $10,000 for each year at issue, and on November 12, 2018, the IRS assessed continuation penalties under section 6038(b)(2) totaling $50,000 for each year at issue. These assessments are reflected on copies of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, that the parties have submitted as stipulated exhibits. The IRS complied with the written supervisory approval requirements in section 6751(b) for the section 6038 penalties for the years at issue.

On January 30, 2019, the IRS issued to petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). The IRS, through the levy notice, sought to collect section 6038 penalties that the IRS had assessed because petitioner was required, but failed, to file Forms 5471 for the years at issue.

Petitioner timely requested a hearing pursuant to section 6330. On February 19, 2019, petitioner's counsel mailed the IRS a letter enclosing Form 12153, Request for a Collection Due Process or Equivalent Hearing. Among other issues, petitioner disputed whether the IRS has legal authority to assess section 6038 penalties.[3]

On June 4, 2021, respondent issued petitioner a Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330 of the Internal Revenue Code (Notice of Determination), regarding petitioner's liabilities for unpaid civil penalties imposed pursuant to section 6038. The Notice of Determination sustained respondent's proposed collection action. Petitioner timely filed a

---

[3] An attachment to petitioner's Form 12153 refers to an earlier and related Form 12153 dated November 26, 2018, for the income tax liabilities for the years at issue. The parties resolved petitioner's income tax liabilities for the years at issue via a stipulated decision in a separate case in this Court. *See* Docket No. 11202-21L. However, the section 6330 hearings were conducted concurrently at the administrative level.

Petition with this Court for a review of the determination on June 9, 2021. The parties have stipulated that, except for the assessment authority issue in dispute,[4] the settlement officer conducting the section 6330 hearing obtained verification from the IRS that the requirements of any applicable law or administrative procedure have been met as required by section 6330(c)(1). The parties have also stipulated that the settlement officer considered any issues raised at the hearing and whether any proposed collection action balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary. Finally, the parties stipulate that, except for the assessment authority issue in dispute, any error by the settlement officer was a harmless error and the settlement officer did not abuse his discretion in sustaining the levy proposed in the levy notice.

## *Discussion*

### A. *Jurisdiction and Standard of Review*

The Court has jurisdiction to review the IRS's determination concerning a levy action when the taxpayer timely petitions for review.[5] § 6330(d)(1). Petitioner has timely petitioned for review of the Notice of Determination, which concerns a proposed levy action. We therefore hold that we have jurisdiction to review the Notice of Determination.

Where the validity of the taxpayer's underlying liability is properly at issue, we review the underlying liability de novo. *See* § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000). We review the IRS's determinations respecting any nonliability issues for abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). The key facts are fully stipulated and are also described in the Notice of Determination. "Where, as here, we are faced with a question of law . . . , our holding does not depend on the standard of review we apply. We must reject erroneous views of the law." *Manko v. Commissioner*, 126 T.C. 195, 199 (2006); *see Kendricks v. Commissioner*,

---

[4] The IRS's Taxpayer Advocate Service has alerted the IRS and Congress to the assessment authority issue that is presented in this case. *See* Taxpayer Advocate Service, *National Taxpayer Advocate Annual Report to Congress* 119–31 (2020).

[5] In *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), the Supreme Court of the United States held that the timeliness requirement in section 6330(d)(1) (i.e., the requirement that a petition be filed with this Court within 30 days of a determination) is not jurisdictional. That requirement is not at issue here because petitioner timely filed his Petition.

124 T.C. 69, 75 (2005); *McCorkle v. Commissioner*, 124 T.C. 56, 63 (2005); *see also Freije v. Commissioner*, 125 T.C. 14, 32–37 (2005) (setting aside a determination to proceed with collection because the appeals officer's verification that the requirements of applicable law were met was "incorrect" because of an "error as a matter of law," specifically an assessment that was "simply invalid," and holding that a taxpayer's ability to dispute his underlying tax liability pursuant to section 6330(c)(2)(B) does not cure an invalid assessment).

B.  *Assessment Authority for Section 6038(b) Penalties*

Section 6038(b)(1) imposes a penalty of $10,000, with respect to each annual accounting period for which a failure exists, if any person fails timely to furnish certain required information with respect to any foreign business entity. Section 6038(b)(2) imposes a continuation penalty of $10,000 for each 30-day period (or fraction thereof) during which such failure continues with respect to any annual accounting period after an initial 90-day notice period, subject to a maximum of $50,000.[6] There is no statutory provision, in the Code or otherwise, specifically authorizing assessment of these penalties.

Section 6201(a) authorizes and requires the Secretary of the Treasury to make assessments of all taxes (including interest, additional amounts, additions to tax, and assessable penalties) imposed by the Code.[7] The Secretary of the Treasury has delegated these duties to the Commissioner of Internal Revenue, who has delegated them in turn to other IRS officials. *See* Treas. Reg. §§ 301.6201-1(a), 301.7601-1, 301.7701-9. Assessment is "the formal recording of a taxpayer's tax liability." *Baltic v. Commissioner*, 129 T.C. 178, 183 (2007); *see* § 6203. When a tax (including for this purpose a deemed tax, such as an additional amount, addition to tax, assessable penalty, or interest, as explained below) is assessed, the IRS may take certain actions to collect the tax administratively. *See, e.g.*, § 6502(a) (permitting collection of a tax by levy, and generally providing a ten-year period of limitation for collection by a proceeding in court or by levy, when a tax has been assessed); § 6322 (providing that the lien imposed by section 6321 arises

---

[6] Both types of penalties are subject to a reasonable cause exception. § 6038(c)(4)(B). That exception is not at issue in this case because the parties have stipulated there was no reasonable cause for petitioner's failure to meet the requirements of section 6038(a).

[7] A materially identical version of this portion of section 6201(a) has existed since 1954. *See* Internal Revenue Code of 1954, ch. 736, § 6201, 68A Stat. 3, 767.

when an assessment is made); *see also Goldston v. United States* (*In re Goldston*), 104 F.3d 1198, 1200–01 (10th Cir. 1997) ("Abundant precedent exists for the proposition in a variety of tax contexts that liability for federal taxes does not hinge on whether the IRS has made a valid assessment. . . . While the absence of an assessment prevents the IRS from administratively collecting the tax, it may still file a civil action . . . ."). The IRS may immediately assess, inter alia, the tax determined by a taxpayer on his or her own return, § 6201(a)(1), as well as certain assessable penalties not subject to the Code's deficiency procedures, *see Williams v. Commissioner*, 131 T.C. 54, 58 n.4 (2008). However, the term "assessable penalties" as used in section 6201(a) is left undefined, creating uncertainty about which penalties the IRS may assess and ultimately collect through administrative means.

"Agencies have only those powers given to them by Congress . . . ." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022). Petitioner contends that the IRS lacks authority to assess the section 6038(b) penalties at issue. Petitioner argues that there is no law giving the IRS authority to assess penalties under section 6038(b) and that while the United States may be able to collect liabilities for these penalties through a civil action, *see* 28 U.S.C. § 2461(a), the IRS may not assess or administratively collect these penalties.

Petitioner contends that section 6038(b), unlike a bevy of other penalty sections in the Code (discussed below), contains no provision authorizing assessment of the penalty it provides for. Therefore, petitioner argues, a section 6038(b) penalty is not an assessable penalty, although it may be collected through a civil action.

Respondent contends that the term "assessable penalties" includes any penalties found in the Code that are not subject to the Code's deficiency procedures. Respondent points out that neither section 6201 nor any other Code section limits the term "assessable penalties" to those found in subchapter B of chapter 68 of subtitle F of the Code (entitled "Assessable Penalties"). Respondent argues that reading that subchapter as the exclusive location for assessable penalties would contravene section 7806(b), which provides in relevant part that

> [n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table

of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect.

Respondent also argues that in any case, the term "taxes" in section 6201 is broad enough to encompass section 6038 penalties. Respondent cites *Ruesch v. Commissioner*, 154 T.C. 289 (2020), *aff'd in part, vacated and remanded in part*, 25 F.4th 67 (2d Cir. 2022), for support for his statutory construction arguments. Finally, respondent argues that the legislative history surrounding the enactment of penalties in section 6038(b) provides support for his position.

We conclude that petitioner's reading of the Code is the correct one. Congress has explicitly authorized assessment with respect to myriad penalty provisions in the Code, but not for section 6038(b) penalties. Section 6671(a) provides that the numerous penalties found in subchapter B of chapter 68 of subtitle F (i.e., in sections 6671–6725) "shall be assessed and collected in the same manner as taxes," subjecting those penalties to the Secretary's assessment authority under section 6201. Section 6665(a)(1) contains a similar statement that the additions to tax, additional amounts, and penalties provided in chapter 68 of subtitle F (i.e., in sections 6651–6751) "shall be assessed, collected, and paid in the same manner as taxes." Code sections outside of chapter 68 of subtitle F whose violations the Code specifically penalizes commonly (1) contain their own express provision specifying the treatment of penalties or other amounts as a tax or an assessable penalty for purposes of assessment and collection, *see, e.g.*, §§ 527(j)(1), 856(g)(5)(C), 857(f)(2)(A), 4980H(d)(1), 5000A(g)(1), 5114(c)(3), 5684(b), 5761(e), 9707(f); (2) contain a cross-reference to a provision within chapter 68 of subtitle F providing a penalty for their violation, *see, e.g.*, §§ 1275(c)(4), 6033(o), 6043(d), 6046(f), 6046A(e), 6420(i)(2), 6421(j)(1), 6427(p)(1), 7501(b); or (3) are expressly covered by a penalty provision within chapter 68 of subtitle F, *see, e.g.*, §§ 6652(c), 6674, 6675, 6677, 6679, 6685, 6686, 6688, 6689, 6690, 6692, 6693, 6695, 6698, 6699, 6704, 6705, 6706, 6707, 6707A, 6708, 6709(c), 6710, 6712, 6714, 6717, 6718, 6719, 6720. In contrast, section 6038 contains only a cross-reference to a criminal penalty provision, section 7203. § 6038(f)(1).

Furthermore, 28 U.S.C. § 2461(a) expressly provides that "[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action." Here, the section 6038(b) penalties at issue are prescribed for the

violation of section 6038(a)(1) and (2), which was enacted by the Revenue Act of 1962, Pub. L. No. 87-834, § 20(a), 76 Stat. 960, 1059, and amended by other Acts of Congress since then. However, no mode of recovery or enforcement is specified for these penalties, unlike for myriad other penalties in the Code. We are loath to disturb this well-established statutory framework by inferring the power to administratively assess and collect the section 6038(b) penalties when Congress did not see fit to grant that power to the Secretary of the Treasury expressly as it did for other penalties in the Code.

Respondent's arguments are unavailing. We agree with respondent that the term "assessable penalties" as used in section 6201(a) is not limited to penalties found in subchapter B of chapter 68 of subtitle F (titled "Assessable Penalties"),[8] but the term "assessable penalties" used in section 6201 does not automatically apply to *all* penalties in the Code not subject to deficiency procedures. "Assessable penalties" is not a term used to distinguish between penalties subject to deficiency procedures and those that are not. "The label of 'assessable penalty[]' . . . does not automatically bar a taxpayer from using the deficiency procedures to challenge the liability. An assessable penalty, rather, must be paid upon notice and demand and assessed and collected in the same manner as taxes." *Smith v. Commissioner*, 133 T.C. 424, 428 (2009). While some provisions explicitly exempt certain assessable penalties from deficiency procedures, *see id.* at 428 & n.3, others do not specify whether those procedures apply. In those cases, we consider whether the assessable penalty at issue is "included in the statutory definition of 'deficiency[,]'" or whether the assessable penalty "depend[s] upon a deficiency" or, to the contrary, "may be assessed even if there is an overpayment of tax."[9] *Id.* at 429; *cf.* § 6665(b)(1) (applying deficiency procedures to the portion of the addition to tax under section 6651 "which is attributable to a deficiency in tax described in section 6211"); *Wilson v. Commissioner*, 118 T.C. 537, 540–41 (2002). However, if we were to consider whether section 6038(b) penalties are subject to deficiency procedures without first deciding whether the section 6038 penalties must be paid upon notice and demand and assessed and

---

[8] As explained above, some Code sections outside chapter 68 of subtitle F contain their own express provision authorizing assessment of penalties provided therein.

[9] We note that respondent's own internal guidance has concluded that the section 6676 penalty, an assessable penalty, is subject to deficiency procedures on the basis of a similar line of reasoning. *See* I.R.S. Chief Couns. Adv. Mem. 201520005 (May 15, 2015).

collected in the same manner as taxes, we would be putting the proverbial cart before the horse. That is because there is no provision in the first place providing that these penalties "must be paid upon notice and demand and assessed and collected in the same manner as taxes." *Smith*, 133 T.C. at 428. Simply put, while section 6038(b) provides for penalties, it does not provide for assessable penalties. Respondent's argument that section 6038(b) penalties are necessarily assessable penalties because they are not subject to deficiency procedures assumes a faulty premise and must be rejected.[10]

Respondent's argument that the term "taxes" in section 6201(a) encompasses the section 6038(b) penalties (even if they are not assessable penalties) fares no better. Precedent firmly establishes that taxes and penalties are distinct categories of exactions, at least in the absence of a provision treating them as the same. *See Grajales v. Commissioner*, 156 T.C. 55, 61 (2021) (analyzing whether an exaction is a tax or penalty by reference to the label Congress chose to apply to it), *aff'd*, 47 F.4th 58 (2d Cir. 2022); *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 546 (2012) ("The Code contains many provisions treating taxes and assessable penalties as distinct terms. . . . There would, for example, be no need for § 6671(a) to deem 'tax' to refer to certain assessable penalties if the Code already included all such penalties in the term 'tax.'"); *Chadwick v. Commissioner*, 154 T.C. 84, 93 (2020) (stating that sections 6665 and 6671 "do not characterize 'penalties' as something other than penalties" but instead simply specify the manner in which penalties within their scope are to be assessed and collected); *cf. Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 87–89 (4th Cir. 2013) (holding that employer mandate exaction in section 4980H is not a tax for purposes of the Anti-Injunction Act in part because it is not included in subchapter B of chapter 68 and no other provision deems it a tax). Section 6665(a)(2) deems any reference in the Code to "'tax' . . . also to refer to the additions to the tax, additional amounts, and penalties provided by" chapter 68 of subtitle F, and a similar provision specifically applicable to the penalties in subchapter B of that chapter is found in section 6671(a). There would be no need for these provisions to deem "tax" to refer to certain penalties if the Code already

---

[10] Neither party has argued that section 6038(b) penalties constitute "additional amounts" or "additions to the tax" for purposes of section 6201(a), and we note that our precedent forecloses that argument. *See Whistleblower 22716-13W v. Commissioner*, 146 T.C. 84, 92–96 (2016) (stating that "additional amounts" and "additions to the tax" are terms of art in the Code and holding that certain penalties were not "additional amounts" because they were neither enumerated in chapter 68 nor assessed, collected, or paid in the same manner as taxes).

included those penalties in the term "tax." The adjective "assessable" would also be unnecessary to modify the term "penalties" in section 6201 if section 6201 authorized the Commissioner to assess all penalties provided in the Code.[11]

The Code also contains some detailed provisions governing (1) the circumstances under which it deems certain amounts to be a "tax" for assessment and collection purposes and (2) the consequences of deeming a penalty to be assessable. For example, section 6665(b) includes specific provisions regarding the circumstances under which certain additions to tax (or portions thereof) are or are not deemed to be taxes for purposes of subchapter B of chapter 63 of subtitle F (relating to deficiency procedures for income, estate, gift, and certain excise taxes). *Cf. Smith*, 133 T.C. at 429 n.4 (listing penalties in subchapter B of chapter 68 containing specific exclusions from the application of deficiency procedures). Section 5761 expressly distinguishes between the circumstances under which a penalty under that section may be recovered by civil action or through administrative assessment and collection. *See* § 5761(a) (providing that a person who fails to comply with certain Code requirements shall "be liable to a penalty of $1,000, to be recovered, with costs of suit, in a civil action, except where a penalty under subsection (b) or (c) or under section 6651 or 6653 or part II of subchapter A of chapter 68 may be collected from such person by assessment"). Moreover, at least one Code provision, section 5000A(g)(2)(B), specifically restricts the collection actions that may be taken after the assessment of a penalty that is otherwise "assessed and collected in the same manner as an assessable penalty under subchapter B of chapter 68." § 5000A(g)(1). Given this detailed statutory framework, we decline to substitute the Commissioner's judgment for Congress' decision not to deem the section 6038(b) penalties "taxes" for assessment and collection purposes.

We recognize that when section 6201(a) states that the "taxes . . . imposed by this title" whose assessments the Secretary of the Treasury is authorized and required to make "includ[e] interest, additional amounts, additions to the tax, and assessable penalties," there is no

---

[11] In comparison, the Code uses the term "any . . . penalty" in describing civil actions that require the authorization of the Secretary of the Treasury and the direction of the Attorney General to commence. *See* § 7401 (providing that no civil action for the collection or recovery of "taxes, or of any fine, penalty, or forfeiture," shall be commenced unless the Secretary of the Treasury authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced).

indication that this list is necessarily exclusive. *See* § 7701(c). However, we reject the notion that the assessment authority provided by section 6201(a) covers all penalties, or virtually any exaction, imposed by the Code simply because it covers taxes and certain other exactions specifically included. All of the items specifically included in the term "taxes . . . imposed by this title" as used in section 6201(a) have a close connection to that term. "[A]ny reference" in the Code to "'tax' imposed by this title" is also deemed to refer to additional amounts, additions to tax, and penalties provided by chapter 68 (the latter of which, as we have explained, are assessable penalties by reason of section 6665(a)(1)). § 6665(a)(2); *see also* § 6671(a). Similarly, section 6601(e)(1) provides that "[a]ny reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." None of these limited inclusions in the term "taxes . . . imposed by this title" in section 6201 has any similarity to a fixed-dollar information reporting penalty that is nowhere deemed a tax or authorized or required to be assessed or collected in the same manner as a tax or assessable penalty. Moreover, when Congress has seen fit to add other items to a list that includes interest, additional amounts, additions to tax, and assessable penalties, it has done so expressly. *See* § 6321 (providing that the amount of the lien that arises after a person neglects or refuses to pay any tax after demand includes "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto").

Our holding in no way contravenes section 7806(b) because we do not define the term "assessable penalties" as used in section 6201(a) by reference to the title of subchapter B of chapter 68 of subtitle F nor by reference to the grouping of similar provisions in that subchapter. Instead, we conclude that the term "assessable penalties" as used in section 6201(a) includes penalties that "must be paid upon notice and demand and assessed and collected in the same manner as taxes," *Smith*, 133 T.C. at 428, regardless of their location within the Code. Our conclusion recognizes that the term "assessable penalties" as used in section 6201(a) encompasses some exactions outside of subchapter B of chapter 68 of subtitle F in addition to the substantial number of penalties within that subchapter that are assessable by reason of section 6671(a).

We also reject respondent's reliance on our holding in *Ruesch* because *Ruesch* has no bearing on the issue before us.[12] In *Ruesch*, 154 T.C. at 290, the taxpayer did not pay assessed section 6038(b) penalties upon notice and demand. The IRS certified the taxpayer's liability for those penalties to the Secretary of State as a "seriously delinquent tax debt" within the meaning of section 7345(b). *Ruesch*, 154 T.C. at 290–91. The taxpayer filed a petition challenging the correctness of the Commissioner's certification as well as the taxpayer's underlying liability for the section 6038(b) penalties. *Ruesch*, 154 T.C. at 291. The IRS subsequently discovered that the taxpayer had timely submitted a request for a collection due process or equivalent hearing with respect to the section 6038(b) penalties. *Ruesch*, 154 T.C. at 291. That request suspended collection of the taxpayer's tax debt so that it was no longer seriously delinquent within the meaning of section 7345(b)(2)(B)(i). *Ruesch*, 154 T.C. at 291. The IRS accordingly reversed its certification as erroneous and so notified the Secretary of State. *Id.* The IRS also filed motions with this Court, one of which sought to dismiss the challenge to the section 6038(b) penalties for lack of jurisdiction, which we granted. *Ruesch*, 154 T.C. at 291. We did not make any merits determination as to the taxpayer's challenge to the underlying liability. We noted specifically that the taxpayer might have a prepayment forum in this Court to consider the contention that the penalties were illegally assessed "upon . . . receipt of a notice of determination following completion of [the taxpayer's collection due process] proceeding," similar to the challenge that petitioner now brings. *Id.* at 297. We held that we had no jurisdiction either under section 7345 or pursuant to our deficiency jurisdiction to consider the taxpayer's underlying liability for

---

[12] In a recent opinion, we observed that "the U.S. Court of Appeals for the Second Circuit vacated for mootness the portion of our order in *Ruesch* resolving the jurisdictional question" at issue in that case. *Adams v. Commissioner*, No. 1527-21P, 160 T.C., slip op. at 10 (Jan. 24, 2023). We also observed that the view of "virtually all the courts of appeals is that when a judgment is vacated, the vacatur deprives the underlying opinion of any precedential effect." *Id.* at 11. Nonetheless, for two reasons, we do not rely on that ground here to reject respondent's reliance on *Ruesch*. First, in *Adams* we expressly "readopt[ed] our holding in *Ruesch*," noting that "the Second Circuit simply held that the question was moot in that particular case. Accordingly, although our opinion in *Ruesch* was deprived of its precedential effect, it has not lost its persuasive value." *Id.* at 12. Second, we noted that the view of the D.C. Circuit, to which an appeal would lie in this case, *see supra* note 2, regarding the effect of vacatur "appears to be more nuanced" than that of its sister circuits, *Adams*, 160 T.C., slip op. at 12 n.7. It is therefore uncertain whether the jurisdictional holding of *Ruesch* ever lost its precedential effect for purposes of this case and others in which an appeal would lie to the D.C. Circuit. Nonetheless, we determine that our holding in *Ruesch* simply does not control the issue before us.

the penalties in the absence of such a notice of determination. *Ruesch*, 154 T.C. at 297.

In so holding, we did acknowledge that section 6038 penalties are not subject to deficiency procedures.  Specifically, we stated:

> After the IRS mails a taxpayer a timely notice of deficiency, this Court has jurisdiction to redetermine deficiencies in income, estate, and gift taxes 'imposed by subtitle A or B' and deficiencies in certain excise taxes imposed by 'chapter 41, 42, 43, or 44.'  Secs. 6212(a), 6213(a).  The section 6038 penalties assessed against [the taxpayer] are imposed by subtitle F, chapter 61, and thus lie outside our deficiency jurisdiction.[13]

*Ruesch*, 154 T.C. at 297.  We also noted that the taxpayer did not allege receipt of a notice of deficiency with respect to these penalties. *Id.*  None of these statements is inconsistent with this Opinion.  As already explained, the mere fact that a penalty is not subject to deficiency procedures does not automatically give rise to the conclusion that it is an assessable penalty, such as where, as here, Congress has not given the Commissioner the authority to assess the penalty.

Finally, respondent relies on a passage in the legislative history surrounding the enactment of section 6038(b) penalties to support his arguments.  A Senate Finance Committee report states that the existing sanction addressing violations of section 6038(a), now found in section 6038(c), "reducing creditable foreign taxes is of no use if the U.S. person required to report paid no foreign income taxes during the year in question." *See* S. Rep. No. 97-494 (Vol. 1), at 299 (1982), *as reprinted in* 1982 U.S.C.C.A.N. 781, 1042.  The report further states, referring to

---

[13] In addition to our explanation in *Ruesch* of why deficiency procedures do not apply to section 6038(b) penalties, we note also here that section 6038(b) penalties do not depend on the existence of a deficiency. *See Smith*, 133 T.C. at 428–29.  The penalties depend only on a failure to furnish information in a timely manner.  While section 6662(a), (b)(7), and (j) imposes an accuracy-related penalty on an undisclosed foreign financial asset understatement, challenges to which we may review under our deficiency jurisdiction, section 6038(b) penalties are separate penalties.  We cannot use the existence of the undisclosed foreign financial asset understatement penalty to find that the Commissioner may assess section 6038(b) penalties.  Likewise, while a taxpayer's violation of section 6038 gives rise to the application of a tolling provision for the assessment of tax in section 6501(c)(8), that tolling provision does not itself provide any authority for finding that section 6038(b) penalties may be assessed by the Commissioner.

section 6038(c)(3): "Where both penalties are applied, the amount of the reduction in the foreign tax credit is reduced by the amount of the fixed-dollar penalty imposed. It is intended that the reduction in foreign tax credit penalty may be waived in some cases where the flat $1,000 penalty will be imposed." S. Rep. No. 97-494 (Vol. 1), at 300, 1982 U.S.C.C.A.N. at 1043. These statements say nothing about the manner in which section 6038(b) penalties are to be collected. Our holding today does nothing to frustrate the operation of the provision found in section 6038(c)(3) for coordination of the two penalties. The United States may, of course, choose which penalty to pursue or to pursue both, in which case section 6038(c)(3) may apply to reduce the amount of the section 6038(c) penalty. Our holding concerns only the applicable manner of collection for section 6038(b) penalties.

Respondent also points to a statement in the report that the penalty found in section 6038(c) was not commonly imposed "because the penalty is complicated." S. Rep. No. 97-494 (Vol. 1), at 299, 1982 U.S.C.C.A.N. at 1042. Read in context, this statement is referring to the fact that a penalty imposing a foreign tax credit reduction has unpredictable effects because on the one hand, "a taxpayer could incur a substantial penalty for a minor failure," but on the other hand, "reducing creditable foreign taxes is of no use if the U.S. person required to report paid no foreign income taxes during the year in question." *Id.* It is not a statement referring to the manner of assessment or collection for penalties imposed under either provision.

*Conclusion*

Respondent assessed penalties under section 6038(b) against petitioner without statutory authority to do so. Accordingly, we hold that respondent may not proceed with the collection of these penalties from petitioner via the proposed levy.

We have considered all of the parties' arguments and, to the extent they are not discussed herein, find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered for petitioner.*